# Exhibit 83



Absolute Translations Ltd
Voest Alpine House
Albion Place
London
W6 0QT

London Office:
Liberty House
222 Regent Street
London
W1B 5TR

Manchester Office:
111 Piccadilly
Manchester
M1 2HY

Birmingham Office:
Cornwall Buildings
45 Newhall Street
Birmingham
B3 3QR

Tel: +44 (0)333 577 0767

@: main@absolutetranslations.com
www.absolutetranslations.com

## Statement of Truth

I, Susan P Best

on behalf of Absolute Translations Ltd, Voest Alpine House, Albion Place, London, W6 0QT confirm that I am competent to translate from

Danish to English

in accordance with the following qualifications:

Post-graduate Diploma in Technical and Specialised Translation (1982)

I hereby confirm that I have personally carried out the proofreading of the attached translation and confirm that it is, to the best of my knowledge and belief, a faithful rendering of the original document.

Signed: *S P Best*

Date: 04/28/2020









Registered Office: Voest Alpine House, Albion Place, London W6 0QT   Registered No. 5078111   VAT Registered No. 775 9220 00



# JUDGEMENT OF THE SUPREME COURT
## Rendered on Thursday March 12, 2020

**Case BS - 31096/2019 - HJR**
( First Division)

Ministry of Taxation
(Attorney at law Steffen Sværke)

Versus

A
(Attorney at law Michael Serup)

In the previous instance, the judgment of the Fourth Division of the High Court of Western Denmark ("Vestre Landsret") was rendered on July 2nd, 2019 (BS-28325/2018-VLR).

Five judges participated in the decision: Thomas Rørdam, Henrik Waaben, Lars Hjortnæs, Lars Apostoli and Anne Louise Bormann.

**Claims**

The parties reiterated their claims.

**Grounds and conclusion of the Supreme Court**

On November 7, 2014, A transferred all shares in X A/S to his three daughters. A part of the purchase price was settled by A reserving the right to receive the first DKK 48,413,505 of the dividend distributed after the transfer.

On November 28, 2014, the Company's General Meeting, which consisted of the three daughters as shareholders, resolved to distribute a dividend of DKK 48,413,505. The dividend was paid to A with a deduction of withheld dividend tax amounting to 13,071,646 DKK.

Subsequently A applied for the refund of the dividend tax withheld, which SKAT[1] approved on February 17, 2015.

On May 13, 2016 SKAT decided that A should pay the refunded dividend tax back, as SKAT was of the opinion, that the dividend was taxable upon his daughters, and that the dividend tax withheld by the company, should be assigned to them.

This case concerns the question whether SKAT's demand for repayment was legitimate.

The parties agree that the payment to A is not taxable upon him, since it is considered as a part of his sum from handing over the shares, which is tax exempt according to section 34 (2) of the Danish Capital Gains Tax Act since the transfer was realised with holdover relief. The question is therefore first and foremost whether we are talking about a taxable dividend of the daughters.

According to section 16A (2) nr. 1 cf. 1 of the Danish Tax Assessment Act everything which is distributed as a dividend to current shareholders is taxable income, unless otherwise stipulated.

A's daughters were current shareholders at the time when the dividend was distributed, and therefore the entitlement to the dividend belongs to them as a starting point. According to the agreement with A regarding the transfer of the shares, the dividend should be used for partial payment of the purchase price which they had to pay for the shares and therefore the dividend was to be paid to him. The Supreme Court finds that, the daughters cannot be released from the obligation to pay dividend tax by transferring the entitlement to the dividend under these circumstances. The daughters must thus be regarded as the right recipients of the dividends and must be taxed accordingly.

The Supreme Court notes that this conclusion is supported by the preparatory works to the Act No. 1414 of December 21, 2005 regarding the amendment of various tax laws, whereby the word "current") was inserted before "shareholders" in section 16A (2) no. 1 of the Danish Tax Assessment Act. It follows from these the preparatory works ("Folketingstidende" 2005–06, Appendix A, Draft law no. L 79, p. 2313), which is reproduced in the High Court's judgment, that the amendment was intended to avoid any doubt as to whether it could be possible to avoid dividend withholding tax by transferring the right to the dividend. After citing an example of such a transfer, it is stated: "The dividend is taxed on the current shareholder as dividend income, as far as they are generally subject to tax."

The Supreme Court finds that A has not documented a binding administrative practice according to which dividends are not taxed on the shareholders in a situation like the present one.

Since the dividend thus was taxable on the daughters, the dividend tax which was withheld by X should not have been refunded to A, and SKAT was as such in principle entitled to claim the repayment of the refunded amount. The Supreme Court finds that no such special

---

1   Danish Tax Authority

circumstances are given in the present case which may justify a deviation from this general principle.

The Supreme Court upholds the request of the Ministry of Tax to dismiss the claim of A.

The costs to cover attorney fees at the High Court and at the Supreme Court are fixed at DKK 800,000 and of court fees for the Supreme Court at DKK 6,000, totalling DKK 806,000.

## ACCORDINGLY THE COURT RULED AS FOLLOWS:

The Ministry of Taxation is released from all claims.

As costs for the High Court and the Supreme Court proceedings the amount of DKK 806.000 shall be paid by A.

The costs of the proceedings shall be paid within 14 days after the date of this decision and shall incur interest according to Section 8a of the Interest Act.



# HØJESTERETS DOM
### afsagt torsdag den 12. marts 2020

**Sag BS-31096/2019-HJR**
(1. afdeling)

Skatteministeriet
(advokat Steffen Sværke)

mod

A
(advokat Michael Serup)

I tidligere instans er afsagt dom af Vestre Landsrets 4. afdeling den 2. juli 2019 (BS-28325/2018-VLR).

I pådømmelsen har deltaget fem dommere: Thomas Rørdam, Henrik Waaben, Lars Hjortnæs, Lars Apostoli og Anne Louise Bormann.

**Påstande**
Parterne har gentaget deres påstande.

**Højesterets begrundelse og resultat**
A overdrog den 7. november 2014 alle aktier i X A/S til sine tre døtre. En del af købesummen blev berigtiget ved, at A forbeholdt sig at modtage de første 48.413.505 kr. af det udbytte, der blev udloddet efter overdragelsen.

Den 28. november 2014 besluttede selskabets generalforsamling, som bestod af de tre døtre som aktionærer, at udlodde 48.413.505 kr. i udbytte. Udbyttet blev udbetalt til A med fradrag af indeholdt udbytteskat, som udgjorde 13.071.646 kr.

Efterfølgende anmodede A om at få tilbagebetalt den indeholdte udbytteskat, hvilket SKAT imødekom den 17. februar 2015.

Den 13. maj 2016 traf SKAT afgørelse om, at A skulle tilbagebetale udbytteskatten, idet SKAT var af den opfattelse, at udbyttet var skattepligtigt hos As døtre, og at den udbytteskat, som selskabet havde indeholdt, derfor skulle henregnes til dem.

Denne sag angår, om SKATs krav om tilbagebetaling var berettiget.

Der er enighed om, at betalingen til A ikke skal beskattes hos ham, da den anses som en del af hans afståelsessum, som er skattefri efter aktieavancebeskatningslovens § 34, stk. 2, idet overdragelsen skete med skattemæssig succession. Spørgsmålet er derfor i første række, om der er tale om skattepligtigt udbytte for døtrene.

Efter ligningslovens § 16 A, stk. 2, nr. 1, jf. stk. 1, er alt, hvad der udloddes som udbytte til aktuelle aktionærer, skattepligtig indkomst, medmindre andet er bestemt.

As døtre var aktuelle aktionærer, da udbyttet blev udloddet, og retten til udbyttet tilkom derfor som udgangspunkt dem. Ifølge aftalen med A om overdragelse af aktierne skulle udbyttet anvendes til delvis betaling af den købesum, de skulle betale for aktierne, og derfor skulle udbyttet udbetales til ham. Højesteret finder, at døtrene ikke ved under disse omstændigheder at overdrage retten til udbytte kan frigøre sig fra pligten til at betale udbytteskat. Døtrene må således anses som rette indkomstmodtagere af udbyttet og skal beskattes heraf.

Højesteret bemærker, at dette resultat har støtte i forarbejderne til lov nr. 1414 af 21. december 2005 om ændring af forskellige skattelove, hvorved ordet "aktuelle" blev indsat foran "aktionærer" i ligningslovens § 16 A, stk. 2, nr. 1. Af disse forarbejder (Folketingstidende 2005-06, tillæg A, lovforslag nr. L 79, s. 2313), som er gengivet i landsrettens dom, fremgår, at ændringen havde til formål at undgå tvivl om, hvorvidt det var muligt at omgå kildebeskatningen af udbytte i forbindelse med overdragelse af retten til udbytte. Efter at der er nævnt et eksempel på en sådan overdragelse, anføres det: "Hos den aktuelle aktionær beskattes udbyttet som aktieindkomst, såfremt der i øvrigt er skattepligt".

Højesteret finder, at A ikke har godtgjort en bindende administrativ praksis, hvorefter udbytte ikke beskattes hos aktionærerne i en situation som den foreliggende.

Da udbyttet således skulle beskattes hos døtrene, skulle den udbytteskat, som X havde indeholdt, ikke have været udbetalt til A, og SKAT var således som udgangspunkt berettiget til at kræve beløbet tilbage. Højesteret finder, at der ikke foreligger sådanne særlige omstændigheder, som kan begrunde en fravigelse fra udgangspunktet.

Højesteret tager herefter Skatteministeriets påstand om frifindelse til følge.

Sagsomkostningerne er fastsat til dækning af advokatudgift for landsret og Højesteret med 800.000 kr. og af retsafgift for Højesteret med 6.000 kr., i alt 806.000 kr.

## THI KENDES FOR RET:

Skatteministeriet frifindes.

I sagsomkostninger for landsret og Højesteret skal A betale 806.000 kr. til Skatteministeriet.

Det idømte sagsomkostningsbeløb skal betales inden 14 dage efter denne højesteretsdoms afsigelse og forrentes efter rentelovens § 8 a.