# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to the actions identified on Schedule A to Defendants' Second Requests for Admissions to Plaintiff SKAT. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**PLAINTIFF SKATTEFORVALTNINGEN'S REPONSES AND OBJECTIONS TO DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), plaintiff Skatteforvaltningen ("SKAT") hereby responds and objects to the Second Requests for Admissions, dated May 28, 2021 (the "Requests," and each a "Request"), served by the defendants listed on Schedule A to the Requests.

**RESERVATION OF RIGHTS**

SKAT is still continuing its investigation and analysis of the facts relating to this case, and has not completed discovery or preparation for trial. The responses and objections set forth herein are based on documents and information currently available to SKAT. Accordingly, the responses are provided without prejudice to SKAT's right to produce evidence of any subsequently discovered facts, documents or interpretations thereof, to modify, change or amend its responses in accordance with Federal Rule of Civil Procedure 36, or to raise any additional objections as necessary and appropriate.

In responding to the Requests, the inadvertent identification or disclosure of information, documents or materials protected from discovery by the attorney-client privilege, joint defense or common interest protection, work-product immunity, litigation privilege, or any other applicable privilege, protection, immunity, or claim of confidentiality protecting documents or information from disclosure, shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information, documents, or materials, the subject matter thereof or the information contained therein; nor shall such inadvertent disclosure constitute a waiver of SKAT's right to object to the use of the information, document, or materials, or the information contained therein, during this or any other proceeding.  Accordingly, any response or objection inconsistent with the foregoing is, and shall be construed to be, entirely inadvertent and shall not constitute a waiver of any applicable privilege, protection, or immunity.

In making these responses and objections to the Requests, SKAT does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

      a.      all objections on the grounds of competency, relevance, materiality, privilege, admissibility or any other proper grounds, to the use or admissibility into evidence, in whole or in part, of any of SKAT's responses to the Requests, or the subject matter thereof;

      b.      all objections to vagueness, ambiguity, undue burden; and

      c.      all rights to object on any ground to any request for further responses to these or any other Requests, or to discovery requests involving or related to the subject matter of the Requests.

The fact that SKAT provides a response to any particular Request does not constitute an admission or acknowledgement that the Request is proper, that the admission it seeks is within

the proper bounds of discovery, or that other Requests for similar admissions will be treated in a similar fashion. Furthermore, in accordance with Federal Rule of Civil Procedure 36(b), any and all responses to the Requests provided by SKAT are for the purposes of discovery in this MDL only, and are not responses for any other purpose, nor may they be used against SKAT in any other proceeding.

## OBJECTIONS TO THE INSTRUCTIONS AND DEFINITIONS

SKAT objects to the Instructions to the extent that they purport to impose requirements or obligations on SKAT that are inconsistent with or broader than those imposed by the Federal Rules of Civil Procedure, the Local Rules, and applicable case law. SKAT expressly disclaims any obligation to comply with the Instructions to the extent they go beyond what is required by any of the foregoing.

SKAT objects to Instruction No. 1 as inapplicable to the Requests in that it purports to impose a January 1, 2010 to the present timeframe for the "information" sought by the Requests. The Requests require SKAT, to the extent it can, to admit or deny each Request, subject to any objections to the Request or qualifications to its response. SKAT is not obligated to provide information in response to the Requests.

SKAT objects to Instruction Nos. 10 and 11 on the ground that they purport to impose on SKAT obligations beyond those imposed by the Federal Rules of Civil Procedure and applicable case law to the extent they would require SKAT to "set forth in detail" the reasons it denies any Request.

SKAT objects to the definitions of "SKAT," "You," "Your" and "Yourself" to the extent they include its unidentified predecessors, successors, representatives, attorneys, agents, servants, employees, investigators, consultants, and counsel working on its behalf in connection

with this or any other litigation, or persons or entities acting or purporting to act on behalf of any

of the individuals or entities covered by these definitions.  SKAT also objects to the definition of

"SKAT" to the extent it includes SKAT's counsel Kammeradvokaten.  The Requests

incorporating these definitions are vague, ambiguous, overbroad, and unduly burdensome.  In

responding to the Requests, SKAT will interpret the terms "SKAT," "You," "Your" and

"Yourself" to include SKAT and its current or former employees in their capacity as such who

were involved in any of the matters at issue in these actions.

## OBJECTIONS AND RESPONSES

The responses below incorporate the Reservation of Rights and Objections to the

Instructions and Definitions as if each were fully set forth therein.

**Request No. 56:**

Admit that all shares of companies listed on the OMX Copenhagen Index are required
under Danish law to be dematerialized

**Response to Request No. 56:**

SKAT objects to this Request on the ground that it requests that SKAT admit a

conclusion of law untethered to the facts of these actions.  SKAT further objects to this Request

on the ground that it requests an admission that is not relevant to any party's claims or defenses

in these actions.

Subject to the foregoing objections, SKAT admits that electronic bookkeeping rather than

the physical movement of paper certificates was used at all material times with respect to actual

trading in the stocks of the large companies in which defendants purported to trade.

**Request No. 57:**

Admit that, between January 1, 2012 to August 31, 2015, all shares of companies listed
on the OMX Copenhagen Index were required under Danish law to be dematerialized.

4

**Response to Request No. 57:**

SKAT objects to this Request on the ground that it requests that SKAT admit a

conclusion of law untethered to the facts of these actions.  SKAT further objects to this Request

on the ground that it requests an admission that is not relevant to any party's claims or defenses

in these actions.

Subject to the foregoing objections, SKAT admits that electronic bookkeeping rather than

the physical movement of paper certificates was used at all material times with respect to actual

trading in the stocks of the large companies in which defendants purported to trade.

**Request No. 58:**

Admit that, between January 1, 2012 to August 31, 2015, there were no restrictions or
limitations under the securities laws and regulations of Denmark or the European Union
regarding the short selling of shares listed on the OMX Copenhagen Index.

**Response to Request No. 58:**

SKAT objects to this Request on the ground that it requests that SKAT admit a

conclusion of law untethered to the facts of these actions.  SKAT further objects to this Request

on the ground that it requests an admission that is not relevant to any party's claims or defenses

in these actions.

Subject to the foregoing objections, denied.

**Request No. 59:**

Admit that, between January 1, 2012 to August 31, 2015, SKAT never asked a Claimant,
in connection with any Claim, if it purchased shares from a short-seller.

**Response to Request No. 59:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in these actions.

Subject to the foregoing objection, admitted.

5

**Request No. 60:**

Admit that, between January 1, 2012 to August 31, 2015, an acquirer of shares of companies listed on the OMX Copenhagen Index was permitted under the securities laws and regulations of Denmark or the European Union to finance 100% of the cost of the shares.

**Response to Request No. 60:**

SKAT objects to this Request on the ground that it requests that SKAT admit a

conclusion of law untethered to the facts of these actions. SKAT further objects to this Request

on the ground that it requests an admission that is not relevant to any party's claims or defenses

in these actions.

Subject to the foregoing objections, denied.

**Request No. 61:**

Admit that, between January 1, 2012 to August 31, 2015, an acquirer of shares of companies listed on the OMX Copenhagen Index was permitted under Danish tax laws and regulations to finance 100% of the cost of the shares.

**Response to Request No. 61:**

SKAT objects to this Request on the ground that it requests that SKAT admit a

conclusion of law untethered to the facts of these actions. SKAT further objects to this Request

on the ground that it requests an admission that is not relevant to any party's claims or defenses

in these actions.

Subject to the foregoing objections, denied.

**Request No. 62:**

Admit that, between January 1, 2012 to August 31, 2015, SKAT never asked a Claimant, in connection with any Claim, if it financed 100% of the cost of the shares referenced in any Claim.

**Response to Request No. 62:**

Admitted.

**Request No. 63:**

Admit that, between January 1, 2012 to August 31, 2015, there were no restrictions or limitations under the securities laws and regulations of Denmark or the European Union regarding the ability of a custodian to net securities transactions conducted by the custodian on behalf of itself and/or its customers.

**Response to Request No. 63:**

SKAT objects to this Request on the ground that it requests that SKAT admit a

conclusion of law untethered to the facts of these actions.  SKAT further objects to this Request

as vague and ambiguous with respect to what it means for a custodian to have the "ability . . . to

net securities transactions."

Subject to the foregoing objections, denied.

**Request No. 64:**

Admit that, between January 1, 2012 to August 31, 2015, there were no restrictions or limitations under Danish tax laws and regulations regarding the ability of a custodian to net securities transactions conducted by the custodian on behalf of itself and/or its customers.

**Response to Request No. 64:**

SKAT objects to this Request on the ground that it requests that SKAT admit a

conclusion of law untethered to the facts of these actions.  SKAT further objects to this Request

as vague and ambiguous with respect to what it means for a custodian to have the "ability . . . to

net securities transactions."  SKAT objects to this Request on the additional ground that it is

based on the faulty premise that any such "restrictions or limitations" would be a matter of

"Danish tax laws and regulations."

**Request No. 65:**

Admit that, between January 1, 2012 to August 31, 2015, SKAT never asked a Claimant, in connection with any Claim, if any Claims were based on transactions netted by a custodian on behalf of itself and/or its customers.

**Response to Request No. 65:**

SKAT objects to this Request as confusing and ambiguous with respect to what it means for a Claim to be "based on transactions netted by a custodian on behalf of itself and/or its customers."

**Request No. 66:**

Admit that, between 2012 and 2015, in the case of securities lending with resale to third parties, the dividends were taxed at the third party under Danish tax law.

**Response to Request No. 66:**

SKAT objects to this Request on the ground that it requests that SKAT admit a conclusion of law untethered to the facts of these actions. SKAT further objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in these actions.

Subject to the foregoing objections, denied.

**Request No. 67:**

Admit that dividend compensation is taxed as a dividend under Danish tax law.

**Response to Request No. 67:**

SKAT objects to this Request on the ground that it requests that SKAT admit a conclusion of law untethered to the facts of these actions. SKAT further objects to this Request as ambiguous with respect to whether "dividend compensation" means an actual dividend payment or a payment in lieu of an actual dividend payment.

**Request No. 68:**

Admit that, between 2012 and 2015, SKAT never determined if a Claimant, in connection with any Claim, had lent the shares referenced in the Claim.

**Response to Request No. 68:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in these actions. SKAT further objects to this Request as confusing and ambiguous with respect to what it means for a Claimant to have lent shares "in connection with any Claim."

**Request No. 69:**

Admit that the monetary amount of the "Net Dividend" depicted on SKAT_MDL_001_00047856 is 27% less than the monetary amount of the "Gross Dividend."

**Response to Request No. 69:**

Admitted.

**Request No. 70:**

Admit that the monetary amount of the "Net Dividend" depicted on SKAT_MDL_001_00265375 is 27% less than the monetary amount of the "Gross Dividend."

**Response to Request No. 70:**

Admitted.

**Request No. 71:**

Admit that the monetary amount of the "Net Dividend" depicted on SKAT_MDL_001_00475065 is 27% less than the monetary amount of the "Gross Dividend."

**Response to Topic No. 71:**

Denied, except SKAT admits that the monetary amount of the "Net Dividend" depicted on SKAT_MDL_001_00475067 is 27% less than the monetary amount of the "Gross Dividend."

**Request No. 72:**

Admit that for every Claim SKAT received between January 1, 2012 to August 31, 2015, the dividend credit advice SKAT received reflected a "Net Dividend" that was 27% less

than the "Gross Dividend."

**Response to Request No. 72:**

SKAT objects to this Request as oppressive and unduly burdensome in that it would require SKAT to review again the dividend credit advices in every Claim submitted to it between January 1, 2012 to August 31, 2015. SKAT further objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in these actions.

Subject to the foregoing objections, SKAT admits that the defendants' Claims included dividend credit advices that generally reflected a "Net Dividend" that was 27% less than the "Gross Dividend."

**Request No. 73:**

Admit that prior to 2018, SKAT filed actions alleging fraud or other misconduct concerning Refunds.

**Response to Request No. 73:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in these actions to the extent it concerns actions SKAT filed alleging fraud or other misconduct concerning Refunds other than those Refunds SKAT paid to the defendants.

Subject to the foregoing objection, SKAT denies that prior to 2018, SKAT filed actions alleging fraud or other misconduct concerning the defendants' Refunds.

**Request No. 74:**

Admit that prior to 2018, SKAT had never filed a lawsuit in a jurisdiction outside of Denmark against non-Danish entities or individuals.

**Response to Topic No. 74:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in these actions.

**Request No. 75:**

Admit that prior to 2016, in connection with any Claim, SKAT did not require any
documentation or other information concerning what percentage of a Refund would be
retained by the Claimant after receiving the Refund as a pre-condition to SKAT paying
that Refund.

**Response to Request No. 75:**

Denied.  SKAT states that prior to 2016, SKAT required Claimants to represent that they

were the beneficial owner of the shares and dividends underlying the Claims, and as a result,

were entitled to the Refunds.

**Request No. 76:**

Admit that prior to 2016, in connection with any Claim, SKAT did not require any
documentation or other information concerning how shares in Danish companies were
acquired by the Claimant as a pre-condition to SKAT paying that Refund.

**Response to Request No. 76:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in these actions.

Subject to the foregoing objection, admitted.  SKAT states that prior to 2016, SKAT

required Claimants to represent that they were the beneficial owner of the shares underlying the

Claims as of the dividend declaration date.

**Request No. 77:**

Admit that, from January 1, 2012 to August 31, 2015, SKAT did not communicate to
Claimants that SKAT reserved the right to revoke SKAT's decision to pay Refunds.

**Response to Request No. 77:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in these actions.

**Request No. 78:**

Admit that Table 11.6 in SKAT_MDL_001_0075835 is an accurate reflection of the
Refunds SKAT paid per month in 2013 and the changes relative to corresponding months
in the previous year.

**Response to Request No. 78:**

SKAT denies that Table 11.6 in SKAT_MDL_001_0075835 is an accurate reflection of

the Refunds SKAT paid in October 2013 and changes relative to October 2012, but admits that

Table 11.6 is an accurate reflection of the Refunds SKAT paid during the other months in 2013

and the changes relative to the corresponding months in the previous year.

**Request No. 79:**

Admit that Table 11.7 in SKAT_MDL_001_0075835 is an accurate reflection of the
Refunds SKAT paid per month in 2014 and the changes relative to corresponding months
in the previous year.

**Response to Request No. 79:**

Admitted.

**Request No. 80:**

Admit that Table 11.8 in SKAT_MDL_001_0075835 is an accurate reflection of the
Refunds SKAT paid per month in the first eight months of 2015 and the changes relative
to corresponding months in the previous year.

**Response to Request No. 80:**

Admitted.

**Request No. 81:**

Admit that the table under "7.2" on SKAT MDL_001_0075283 is an accurate reflection
of the Refunds SKAT paid per month in 2012 and 2013 and the changes relative to

12

corresponding months.

**Response to Request No. 81:**

Denied.

**Request No. 82:**

Admit that the table under "7.3" on SKAT MDL_001_0075284 is an accurate reflection of the Refunds SKAT paid per month in 2013 and 2014 and the changes relative to corresponding months.

**Response to Request No. 82:**

Denied.

**Request No. 83:**

Admit that the table under "7.4" on SKAT MDL_001_0075285 is an accurate reflection of the Refunds SKAT paid per month in the first seven months of 2014 and 2015 and the changes relative to corresponding months.

**Response to Request No. 83:**

Denied.

**Request No. 84:**

Admit that the document produced as SKAT_MDL_001_00281025 is a true and accurate record setting out (1) a public office's activities or (2) factual findings from a legally authorized investigation.

**Response to Request No. 84:**

SKAT admits that the document produced as SKAT_MDL_001_00281025 is a true and accurate copy of a record setting out (1) a public office's activities or (2) factual findings from a legally authorized investigation.

**Request No. 85:**

Admit that the document produced as SKAT_MDL_001_00281058 is a true and accurate record setting out (1) a public office's activities or (2) factual findings from a legally authorized investigation.

13

**Response to Request No. 85:**

SKAT admits that the document produced as SKAT_MDL_001_00281058 is a true and accurate copy of a record setting out (1) a public office's activities or (2) factual findings from a legally authorized investigation.

**Request No. 86:**

Admit that the document produced as SKAT_MDL_001_0075835 is a true and accurate record setting out (1) a public office's activities or (2) factual findings from a legally authorized investigation.

**Response to Request No. 86:**

SKAT admits that the document produced as SKAT_MDL_001_0075835 is a true and accurate copy of a record setting out (1) a public office's activities or (2) factual findings from a legally authorized investigation.

**Request No. 87:**

Admit that the document produced as SKAT_MDL_001_0075124 is a true and accurate record setting out (1) a public office's activities or (2) factual findings from a legally authorized investigation.

**Response to Request No. 87:**

SKAT admits that the document produced as SKAT_MDL_001_0075124 is a true and accurate copy of a record setting out (1) a public office's activities or (2) factual findings from a legally authorized investigation.

**Request No. 88:**

Admit that the document produced as SKAT_MDL_001_00281103 is a true and accurate record setting out (1) a public office's activities or (2) factual findings from a legally authorized investigation.

**Response to Request No. 88:**

SKAT admits that the document produced as SKAT_MDL_001_00281103 is a true and

accurate copy of a record setting out (1) a public office's activities or (2) factual findings from a

legally authorized investigation.

**Request No. 89:**

Admit that the document produced as SKAT_MDL_001_00281191 is a true and accurate
record setting out (1) a public office's activities or (2) factual findings from a legally
authorized investigation.

**Response to Request No. 89:**

SKAT admits that the document produced as SKAT_MDL_001_00281191 is a true and

accurate copy of a record setting out (1) a public office's activities or (2) factual findings from a

legally authorized investigation.

**Request No. 90:**

Admit that the document produced as SKAT_MDL_001_0075162 is a true and accurate
record setting out (1) a public office's activities or (2) factual findings from a legally
authorized investigation.

**Response to Request No. 90:**

Denied.

**Request No. 91:**

Admit that the document produced as SKAT_MDL_001_00517918 is a true and accurate
record setting out (1) a public office's activities or (2) factual findings from a legally
authorized investigation.

**Response to Request No. 91:**

Denied.

**Request No. 92:**

Admit that the document produced as SKAT_MDL_001_00272468 is a true and accurate
record setting out (1) a public office's activities or (2) factual findings from a legally

authorized investigation.

**Response to Request No. 92:**

SKAT admits that the document produced as SKAT_MDL_001_00272468 is a true and accurate copy of a record setting out (1) a public office's activities or (2) factual findings from a legally authorized investigation.

**Request No. 93:**

Admit that the document produced as SKAT_MDL_001_00420463 is a true and accurate record of an act, event, condition, or opinion that was (1) created by—or from information transmitted by—someone with knowledge; (2) created on or near September 23, 2015; (3) kept by You in the ordinary course of a regularly conducted business activity; and (4) made as a regular practice of that regularly conducted business activity.

**Response to Request No. 93:**

Denied.

**Request No. 94:**

Admit that Section 3.4 of the document entitled "Request 30(b)(6) document bundle for Ekstrand" transmitted by SKAT on or about May 6, 2021 is a true and accurate copy of portions of versions of SKAT's legal guidelines as of the date appearing in the document.

**Response to Request No. 94:**

SKAT admits that the documents in Section 3.4 of the set of documents entitled "Request 30(b)(6) document bundle for Ekstrand" are true and accurate copies of excerpts of versions of SKAT's legal guidelines, as of the date of publication reflected in each excerpt.

**Request No. 95:**

Admit that SKAT's legal guidelines, which are publicly available on SKAT's website, are an accurate reflection of the legal principles applied by SKAT as of the date of each version of the guidelines.

**Response to Request No. 95:**

SKAT admits that as of the date of each version of the guidelines, the legal guidelines, which are publicly available on SKAT's website, are an accurate reflection of certain legal principles applicable to SKAT.

**Request No. 96:**

Admit that pages 121-122 of the document entitled "Request 30(b)(6) document bundle for Ekstrand" transmitted by SKAT on or about May 6, 2021 are true and correct copies of SKAT's organizational charts.

**Response to Request No. 96:**

Denied. SKAT states that pages 121-122 of the document entitled "Request 30(b)(6) document bundle for Ekstrand" transmitted by SKAT on or about May 6, 2021, were prepared by counsel to assist Mr. Ekstrand in his capacity as a 30(b)(6) witness at his deposition and are not copies of SKAT's organizational charts.

**Request No. 97:**

Admit that SKAT would not have brought the lawsuits represented by its Complaints if it believed that the Defendant pension plans were entitled to refunds under the Danish Withholding Tax Act.

**Response to Request No. 97:**

Admitted that SKAT would not have brought the lawsuits represented by its Complaints if it believed the defendant pension plans owned the shares and dividends that they purported to own, and were entitled to the refunds they claimed under all applicable laws and Treaty provisions.

**Request No. 98:**

Admit that SKAT would not have brought the lawsuits represented by its Complaints if it believed that the Defendant pension plans were entitled to refunds under the Treaty.

17

**Response to Request No. 98:**

Admitted that SKAT would not have brought the lawsuits represented by its Complaints if it believed the defendant pension plans owned the shares and dividends that they purported to own, and were entitled to the refunds they claimed under all applicable laws and Treaty provisions.

**Request No. 99:**

Admit that, before January 1, 2015, SKAT knew that it did not verify that Claimants were entitled to Refunds by doing anything besides requiring supporting documentation from third party financial institutions and foreign tax authorities to be submitted with Claims and reviewing that documentation.

**Response to Request No. 99:**

Denied.

**Request No. 100:**

Admit that, before January 1, 2015, SKAT knew that it did not independently verify the substance of supporting documentation from third-party financial institutions and foreign tax authorities submitted with Claims, in connection with any Claim.

**Response to Request No. 100:**

Denied.

**Request No. 101:**

Admit that, before January 1, 2015, SKAT knew that it did not independently verify, in connection with any Claim, the accuracy of the total monetary amount of Refunds requested by any Claimant.

**Response to Request No. 101:**

Denied.

**Request No. 102:**

Admit that, before January 1, 2015, SKAT knew that it did not independently verify, in connection with any Claim, whether any Claimant was the beneficial owner of any shares referenced in a Claim.

**Response to Request No. 102:**

Denied.

**Request No. 103:**

Admit that, before January 1, 2015, SKAT knew that it did not independently verify, in connection with any Claim, whether any Claimant was covered by the Treaty.

**Response to Request No. 103:**

SKAT objects to this Request as vague and ambiguous with respect to what it means for a

Claimant to be "covered by the Treaty."

**Request No. 104:**

Admit that, before January 1, 2015, SKAT knew that it did not independently verify, in connection with any Claim, whether any pension plan Claimant was a qualified pension plan.

**Response to Request No. 104:**

Denied.

**Request No. 105:**

Admit that, before January 1, 2015, SKAT knew that it did not independently verify, in connection with any Claim, whether any Claimant had received dividends with dividend withholding tax withheld for any shares referenced in a Claim.

**Response to Request No. 105:**

Denied.

**Request No. 106:**

Admit that, before January 1, 2015, SKAT paid Refunds exceeding dividend withholding taxes owed to SKAT for certain dividend distributions.

**Response to Request No. 106:**

Admitted.

19

**Request No. 107:**

Admit that, before January 1, 2015, SKAT had access to data or other information showing the amount of dividend withholding taxes owed to SKAT for certain dividend distributions.

**Response to Request No. 107:**

Admitted.

**Request No. 108:**

Admit that, before January 1, 2015, SKAT had access to data or other information showing the monetary amount of Refunds SKAT paid in response to Claims for Refunds of dividend withholding taxes withheld from certain dividend distributions.

**Response to Request No. 108:**

Admitted.

**Request No. 109:**

Admit that, before January 1, 2015, SKAT had access to data or other information showing that SKAT paid Refunds exceeding dividend withholding taxes owed to SKAT for certain dividend distributions.

**Response to Request No. 109:**

SKAT admits that before January 1, 2015, SKAT had access to data or other information

that with substantial analysis could have shown that SKAT paid Refunds exceeding dividend

withholding taxes owed to SKAT for certain dividend distributions.

**Request No. 110:**

Admit that, before January 1, 2015, SKAT knew what data or other information it had access to related to Refunds and dividend withholding taxes.

**Response to Request No. 110:**

SKAT objects to this Request on the ground that it is too broad and vague to permit

SKAT to respond by admitting or denying it.

**Request No. 111:**

Admit that, before January 1, 2015, SKAT knew the content of the data or other information it had access to related to Refunds and dividend withholding taxes.

**Response to Request No. 111:**

SKAT objects to this Request on the ground that it is too broad and vague to permit

SKAT to respond by admitting or denying it.

**Request No. 112:**

Admit that, before January 1, 2015, SKAT knew that SKAT paid Refunds exceeding dividend withholding taxes owed to SKAT for certain dividend distributions.

**Response to Request No. 112:**

Denied.

**Request No. 113:**

Admit that SKAT does not contend that the Defendant pension plans are not U.S. residents under the Treaty.

**Response to Request No. 113:**

Admitted.

**Request No. 114:**

Admit that SKAT does not contend that the dividends received by the Defendant pension plans are derived from an "associated enterprise" as that term is used in Article 10 of the Treaty.

**Response to Request No. 114:**

SKAT objects to this Request on the ground that it is based on the faulty premise that the

defendant pension plans received any dividends.

Subject to the foregoing objection, SKAT admits that if the defendant pension plans had

received any dividends from a resident of Denmark, SKAT would not contend that they were

derived from an "associated enterprise" as that term is used in Article 10 of the Treaty.

**Request No. 115:**

Admit that SKAT does not contend that the Defendant pension plans are not "organized under the laws of" the United States, as provided in Article 22.2e of the Treaty.

**Response to Request No. 115:**

Admitted.

**Request No. 116:**

Admit that SKAT does not contend that the Defendant pension plans fail to "provide a pension or similar benefits to employees, including self-employed individuals, pursuant to a plan," as provided in Article 22.2e of the Treaty.

**Response to Request No. 116:**

Denied.

**Request No. 117:**

Admit that a pension plan can satisfy Article 22.2e of the Treaty without being tax-exempt under U.S. law.

**Response to Request No. 117:**

SKAT objects to this Request on the ground that it requests that SKAT admit a

conclusion of law untethered to the facts of these actions.

Subject to the foregoing objection, denied.

**Request No. 118:**

Admit that the Refunds concerned "dividends" as that term is defined in Article 10 of the Treaty.

**Response to Request No. 118:**

SKAT objects to this Request on the ground that it is based on the faulty premise that the

defendant pension plans received any dividends.  SKAT further objects to this Request on the

ground that it requests an admission that is not relevant to any party's claims or defenses in these

actions to the extent it concerns Refunds other than those Refunds SKAT paid to the defendants.

Subject to the foregoing objection, SKAT admits that if the defendant pension plans had received any dividends from a resident of Denmark, Refunds premised on such dividends would have concerned "dividends" as that term is defined in Article 10 of the Treaty

**Request No. 119:**

Admit that, between January 1, 2012 and August 31, 2015, SKAT never asked a Claimant, in connection with any Claim, about the settlement terms of any purchase of any Danish shares.

**Response to Request No. 119:**

Admitted.

**Request No. 120:**

Admit that, between January 1, 2012 and August 31, 2015, SKAT had access to data or other information sufficient to allow SKAT to determine whether a Claimant had already received a Refund in connection with a particular dividend.

**Response to Request No. 120:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in these actions.

Subject to the foregoing objection, SKAT admits that, between January 1, 2012 and August 31, 2015, it had access to data or other information sufficient to allow it to determine whether a Claimant had already received a Refund through the form scheme in connection with a particular dividend.

**Request No. 121:**

Admit that, between January 1, 2012 and August 31, 2015, SKAT had access to data or other information sufficient to allow SKAT to determine whether any claimant had already received a Refund in connection with a particular Claim.

**Response to Request No. 121:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in these actions.

Subject to the foregoing objection, SKAT admits that, between January 1, 2012 and

August 31, 2015, it had access to data or other information sufficient to allow SKAT to

determine whether any Claimant had already received a Refund in connection with a particular

Claim submitted through the form scheme.

**Request No. 122:**

Admit that, between January 1, 2012 and August 31, 2015, SKAT knew that it had access
to data or other information sufficient to allow SKAT to determine whether any claimant
had already received a Refund in connection with a particular Claim.

**Response to Request No. 122:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in these actions.

Subject to the foregoing objection, SKAT admits that, between January 1, 2012 and

August 31, 2015, it knew that it had access to data or other information sufficient to allow SKAT

to determine whether any Claimant had already received a Refund in connection with a particular

Claim submitted through the form scheme.

**Request No. 123:**

Admit that, between January 1, 2012 and August 31, 2015, SKAT never inquired about
the length of time any Claimant owned a stock prior to declaration of a dividend before
SKAT paid a Refund.

**Response to Request No. 123:**

Admitted.

**Request No. 124:**

Admit that, between January 1, 2012 and August 31, 2015, SKAT did not require a Claimant to have owned a stock for any specified minimum amount of time prior to declaration of a dividend in order to be eligible for a Refund.

**Response to Request No. 124:**

SKAT admits that, between January 1, 2012 and August 31, 2015, it did not require a Claimant to have owned a stock for any specified minimum amount of time prior to declaration of a dividend in order to be eligible for a Refund, so long as the Claimant owned the stock as of the date of the declaration of the dividend and held the stock until after that date.

**Request No. 125:**

Admit that, between January 1, 2012 and August 31, 2015, SKAT did not require a Claimant to have owned a stock for any specified minimum amount of time following declaration of the dividend in order to be eligible for a Refund.

**Response to Request No. 125:**

SKAT admits that, between January 1, 2012 and August 31, 2015, it did not require a Claimant to have owned a stock for any specified minimum amount of time following declaration of the dividend in order to be eligible for a Refund, so long as the Claimant owned the stock as of the date of the declaration of the dividend and held the stock until after that date.

**Request No. 126:**

Admit that, between January 1, 2012 and August 31, 2015, SKAT did not inquire about the length of time a Claimant held a stock in connection with any Claim.

**Response to Request No. 126:**

Admitted.

**Request No. 127:**

Admit that SKAT does not allege the Internal Revenue Service engaged in any fraudulent activity in connection with the issuance of any Form 6166 (Certification of U.S. Tax Residency) appended to any Claim.

**Response to Request No. 127:**

Admitted.

**Request No. 128:**

Admit that SKAT does not allege the Internal Revenue Service made any false statements or misrepresentation to SKAT in connection with the issuance of any Form 6166 (Certification of U.S. Tax Residency) appended to any Claim.

**Response to Request No. 128:**

Admitted.

**Request No. 129:**

Admit that dividends disbursed or paid by Danish corporations are taxable by operation of Danish law.

**Response to Request No. 129:**

SKAT objects to this Request on the ground that it requests that SKAT admit a

conclusion of law untethered to the facts of these actions.

Subject to the foregoing objection, denied.

**Request No. 130:**

Admit that legal persons not tax resident in Denmark are liable for taxes on dividends disbursed or paid by Danish corporations by operation of the Danish Tax Assessment Act, the Danish Corporation Tax Act, and the Danish Withholding Tax Act.

**Response to Request No. 130:**

SKAT objects to this Request on the ground that it requests that SKAT admit a

conclusion of law untethered to the facts of these actions.

Subject to the foregoing objection, denied.

**Request No. 131:**

Admit that between 2012 and 2015, the Danish Withholding Tax Act set the general rate of tax on dividends disbursed or paid by Danish companies at 27%.

**Response to Request No. 131:**

SKAT objects to this Request on the ground that it requests that SKAT admit a conclusion of law untethered to the facts of these actions.

Subject to the foregoing objection, admitted, except SKAT notes that there were several exceptions to the 27% general rate.

**Request No. 132:**

Admit that recipients of dividends disbursed or paid by Danish companies who are resident in countries with which Denmark has a double taxation treaty may be entitled to pay less than 27% tax on dividends.

**Response to Request No. 132:**

SKAT objects to this Request on the ground that it requests that SKAT admit a conclusion of law untethered to the facts of these actions.

Subject to the foregoing objection, SKAT admits that recipients of dividends disbursed or paid by Danish companies who are resident in countries with which Denmark has a double taxation treaty may be entitled to pay less than 27% tax or no tax at all on dividends.

**Request No. 133:**

Admit that the Treaty provides that dividends disbursed or paid by Danish corporations may be taxed by the Kingdom of Denmark according to Danish law.

**Response to Request No. 133:**

Admitted.

**Request No. 134:**

Admit that the Treaty allows for the Kingdom of Denmark to tax dividends disbursed or paid by Danish companies to a resident of the United States according to the laws of the Kingdom of Denmark.

**Response to Request No. 134:**

Denied.

**Request No. 135:**

    Admit that non-residents of Denmark who receive dividends disbursed or paid by Danish corporations are liable for taxes on those dividends.

**Response to Request No. 135:**

    SKAT objects to this Request on the ground that it requests that SKAT admit a

conclusion of law untethered to the facts of these actions.

    Subject to the foregoing objection, denied.

**Request No. 136:**

    Admit that the Danish Withholding Tax Act specifies the amount of tax a non-resident of Denmark who has received dividends disbursed or paid by a Danish corporation is liable for.

**Response to Request No. 136:**

    SKAT objects to this Request on the ground that it requests that SKAT admit a

conclusion of law untethered to the facts of these actions.

    Subject to the foregoing objection, denied.

Dated: New York, New York
        July 15, 2021

HUGHES HUBBARD & REED LLP

By:____/s/ Marc A. Weinstein_____
        William R. Maguire
        Marc A. Weinstein
        Neil J. Oxford
    One Battery Park Plaza
    New York, New York 10004-1482
    Telephone: (212) 837-6000
    Fax:  (212) 422-4726
    bill.maguire@hugheshubbard.com
    marc.weinstein@hugheshubbard.com
    neil.oxford@hugheshubbard.com

    *Counsel for Plaintiff Skatteforvaltningen
    (Customs and Tax Administration of the
    Kingdom of Denmark)*