# Exhibit 133




**SKAT**

American Investment Group of New York, L.P Pension Plan
3372 Woods Edge Circle, Suite 104
Bonita Springs
Florida 34134
USA

Antifraud Unit SK 3
Danish Customs and
Tax Administration

Kratbjerg 236
DK - 3480 Fredensborg

Phone +(45) 7222 1818

www.skat.dk

Date: 28 October 2016

J.nr. 15-2943752

TIN  30-0124217

Gitte Kierkegaard
Special Agent

## For your information

Please find enclosed SKATs final decision on your request for a dividend tax refund.

It appears from the enclosed decision that the request for refund cannot be approved.

The reason for SKAT not having found any basis for approving the request for refund appears from the enclosed decision.  In this connection, it should be remarked that the court language in Denmark is Danish in accordance with Section 149 of the Danish Administration of Justice Act (Retsplejeloven).

It is recommended that you have the enclosed decision translated, if necessary.

Please note that the guidelines for making an appeal appears from the decision. In this context it should be noted that an appeal, if any, must reach the Danish Tax Appeals Agency no later than three months from the receipt of the enclosed decision.

Yours Sincerely

Gitte Kierkegaard
Special agent

gitte.kierkegaard@skat.dk
Direct telephone +45 72370207

Katrine Basballe
Special agent

katrine.basballe@Skat.dk
Direct telephone +45 72370238

Information about the final decision is sent to:
GOAL TaxBack Limited, 69 Park Lane, Croydon, Surrey, CR9 1BG, UK

Page 1 / 1

Confidential Pursuant to Protective Order



American Investment Group of New York, L.P Pension Plan
3372 Woods Edge Circle, Suite 104
Bonita Springs
Florida 34134
USA

Special Control 3

Kratbjerg 236
3480 Fredensborg
Denmark

www.skat.dk

Date: October 28, 2016

Ref. Captia no: 15-2943752

Your TIN: 30-0124217

**Decision - Rejection of requests for refund of dividend tax**

Goal TaxBack Limited, as agent, on behalf of American Investment Group of New York, L.P Pension Plan (hereinafter American Investment Group), has submitted a request dated August 13, 2015 for the refund of withheld dividend tax, totaling DKK 810.000.

SKAT sent a proposal for a decision on August 30, 2016.

SKAT has not received any response to the proposal submitted and will therefore decide accordingly.

## SKAT's decision

At the taxpayer's request, SKAT will refund any withheld dividend tax that exceeds the final tax under a double taxation agreement.

SKAT cannot comply with American Investment Group's request for refund of withheld dividend tax on Danish shares, as:

- American Investment Group has not documented the purchase of the shares subject to the dividend tax recovery, nor whether any shares are part of a loan arrangement.

- American Investment Group has not demonstrated ownership of the shares in question at the time of the dividend, whereupon the dividend tax is recovered.

- American Investment Group has not demonstrated that it has received dividends and that dividend tax has been withheld in respect of the shares in question, whereupon the dividend tax is recovered.

American Investment Group therefore does not qualify for the payment of withholding tax on Danish shares under Article 10 of the Double Taxation Convention between Denmark and the United States.

American Investment Group as a pension fund - with a single participant with the corresponding limited amounts of deposits - did not have the necessary capital basis to be able to make investments in Danish shares in the scope underlying both this and previous requests for payment of withheld dividend tax. The request does not qualify under Article 22(2)(e) of the DTA between Denmark and the United States due to the lack of capital basis.

Confidential Pursuant to Protective Order

SKAT_MDL_001_008103

On these grounds, SKAT cannot grant American Investment Group's request of August 13, 2015 concerning the refund of withheld dividend tax on Danish shares pursuant to Section 69 B(1)(1) of the Danish Withholding Tax Act.

For further justification, please refer to the statement of the facts of the case and rationale below.

Reference is made to the appendices previously submitted with SKAT's proposal. In case the supporting documents are to be reissued, the company is requested to notify SKAT.

Confidential Pursuant to Protective Order                                      SKAT_MDL_001_008104

**Statement of the facts of the case and rationale**

# Contents

SKATs afgørelse ..................................................................................................................... 1

Statement of the facts of the case and rationale ................................................................. 3

1  Facts ............................................................................................................................... 4

   1.1  Request of August 13, 2015 ................................................................................ 4

   1.2  SKAT's correspondence with the company ......................................................... 5

   1.3  Trustee ................................................................................................................ 5

   1.4  Information from the Internal Revenue Service (IRS) in the USA ...................... 6

      1.4.1  The US tax returns 2013 - 2014 ............................................................... 6

   1.5  The formation and registration of the pension fund ............................................ 7

   1.6  Information on the business to which the pension fund is affiliated ................... 8

   1.7  Evidence of American Investment Group's ownership of the shares, etc. .......... 8

   1.8  Tax Voucher ........................................................................................................ 9

   1.9  Previous requests for refund of withheld dividend tax....................................... 10

   1.10  Calculation of investments ............................................................................... 10

2  Legal provisions ........................................................................................................... 11

   2.1  Legislative Decree ............................................................................................. 11

   2.2  Double Taxation Convention ............................................................................. 11

   2.3  Case law ............................................................................................................. 11

3  SKAT's observations .................................................................................................... 12

   3.1  Legal basis ......................................................................................................... 12

   3.2  The request of August 13, 2015 ........................................................................ 12

   3.3  The pension fund and the company to which it is associated............................. 13

   3.4  Pension Fund Trustee......................................................................................... 13

   3.5  Missing or insufficient documentation .............................................................. 13

      3.5.1  Original documents missing ................................................................... 13

      3.5.2  Insufficient evidence of ownership of the shares and dividends received ............... 14

      3.5.3  Insufficient documentation of actual cash flows...................................... 16

   3.6  Capital basis for investment .............................................................................. 16

4  SKAT's preliminary conclusion ................................................................................... 18

5  Company's response...................................................................................................... 18

6  SKAT's decision........................................................................................................... 18

Appeal procedure.............................................................................................................. 19

Confidential Pursuant to Protective Order

# 1. Facts

## 1.1    Request of August 13, 2015

With reference to the Double Taxation Convention between Denmark and the United States, Goal Taxback Limited as agent, on behalf of American Investment Group, has requested a recovery of withheld dividend tax in respect of the following shares:[1]

| ISIN/Shares | Ex-date | Reimbursement Request | Net dividend | Number of Shares |
|---|---|---|---|---|
| DK0060228559 TDC AG | August 10, 2015 | DKK 810,000 | DKK 2,190,000 | 3,000,000 |

The request was supported by the following appendices:

- Blanket 06.003 ENG - Claim to Relief from Danish Dividend Tax[2]

- Tax Voucher from custodian ED&F Man Capital Markets Limited
  - ISIN DK0060228559 TDC A/S [3]

- FORM 6166 from IRS - Certificate of Residence in USA[4]

- POWER OF ATTORNEY to Goal Taxback Limited from American Investment Group of New York, L.P Pension Plan, dated 17. April 2015 [5]

---

[1] Appendices 125-1A to 125-7A
[2] Appendices 125-4A
[3] Appendices 125-3A
[4] Appendices 125-5A
[5] Appendices 125-6A to 125-7A

Confidential Pursuant to Protective Order                                   SKAT_MDL_001_008106

## 1.2    SKAT's correspondence with the company

On October 28, 2015, SKAT requested by letter additional information and documentation
from American Investment Group to assist SKAT in verifying the basis for the request, including: [6]
- Company description and ID information
- Power of attorney/representation
- Evidence of the company's acquisition of the relevant shares and receipt of share dividends
  on which the company reclaims withheld dividend tax.

On November 5, 2015, SKAT received an email from Melissa-Anne Rodrigues, Operations Manager,
Goal Group of Companies, on behalf of the pension fund:[7]
- Request for an extension to the deadline for responding to SKAT's request.
- Seeks information as to whether Form 6166 is sufficient documentation for question no. la in
  SKAT's letter of October 28, 2015.

On November 10, 2015, SKAT granted Melissa-Anne Rodrigues' request for additional time to respond,
stating that the tax return Fonn 6166 is not sufficient documentation due to the wording *"to the best of
our knowledge".[8]*

On December 1, 2015, SKAT received an email response from Stacey Kaminer on behalf of American
Investment Group, attaching the following:[9]
- American Investment Groups Pension Plan.
- Documents relating to the registration of the pension fund and to the change of trustee.
- Documents pertaining to the acquisition of the shares in question and the receipt of dividends.
  Most of the text has been rendered illegible due to the use of strikethrough.
- Response to SKAT's questions.


## 1.3    Trustee

On December 1, 2015, SKAT received by email from Stacey Kaminer "*Minutes of Meeting of the Partners
in American Investment Group of New York, L.P.*" [10]

The document is dated February 23, 2011 and concerns a resolution for Stacey Kaminer to become
a Trustee and for Elaina Crema to resign as a Trustee of the Pension Fund.

Attached to the "*Minutes of Meeting*" document was a transcript of page 67 of the American Investment
Group Pension Plan Agreement (Pension Plan), on which the agreement is signed by the parties to the
Pension Plan Agreement, American Investment Group of New York L.P. by Robert N. Crema and Trustees
Robert N. Crema and Elaina Crema. [11]

The document "Minutes of Meeting" is however not signed by Elaina Crema, but only by Robert Crema
and Stacey Kaminer.

---

[6] Appendices 125-8 to 125-8-3
[7] Appendices 125-9 to 125-9-2
[8] Appendices 125-10
[9] Appendices 125-11-1 to 125-11-105
[10] Appendices 125-11-76
[11] Appendices 125-11-76A

Confidential Pursuant to Protective Order                                SKAT_MDL_001_008107

**1.4    Information from the Internal Revenue Service (IRS) in the USA**

SKAT has received information from the Internal Revenue Service (IRS) in the United States via the competent authorities in Denmark and the United States.

- Regarding the tax liability declaration - Form 6166 (Certification of U.S. Tax Residency). [12] It is advised that Form 6166 is a statement issued by the IRS upon the filing by American Investment Group of a Form 8802 (Application for United States Residency Certification). The information on Form 8802 is filed under liability, but is not verified by the IRS when issuing Form 6166.

  The lack of review of the basis leads the IRS to the phrasing in regards to the tax return, Form 6166, as follows:
  *"I certify that, **to the best of our knowledge**, the above-named entity is a trust forming part of a pension, profit sharing, or stock bonus plan qualified under section 401(a) of the U.S. Internal Revenue Code, which is exempt from U.S. taxation under section 501(a), and is a resident of the United States of America for purposes of U.S. taxation."*

- By letter dated August 3, 2016, the IRS transmitted: [13]
  Printout of American Investment Group's 2013 and 2014 Tax Returns (Form 5500) [14]

- On June 15, 2016, the IRS via email provided a link to the IRS website where the rules governing the different types of pension companies are briefly described:
  https://www.irs.gov/retirement-plans/plan-participant-employee/retirement-topics- contributions
  Pages SKAT considers relevant are attached. [15]

- The IRS sent a letter dated June 13, 2016: [16]
  2015-Instuctions for Form 5500-EZ mv. [17]


**1.4.1 The US tax returns 2013 - 2014**

SKAT has received a copy of American Investment Group's tax returns:

2013: Form 5500-EZ –    *Annual Return of One-Participant (Owners and Their Spouses) Retirement Plan [18]*
2014: Form 5500-SF –    *Short Form Annual Return/Report of Small Employee Benefit Plan [19]*

By highlighting in the 2014 tax return Part I, it is indicated that the tax return relates to "*a one participant plan"*.

---

[12] Appendices 125-5A
[13] Appendices 125-23-1 to 125-23-9
[14] Appendices 125-23-5 to 125-23-9
[15] Appendices 125-22-1 to 125-22-6
[16] Appendices 125-21-1 to 125-21-15
[17] Appendices 125-21-4 to 125-21-15
[18] Appendices 125-23-5 to 125-23-6
[19] Appendices 125-23-7 to 125-23-9

Confidential Pursuant to Protective Order    SKAT_MDL_001_008108

In addition, the following is stated in the tax returns:

| Financial Information | Assets (field 7a) | Debt (field 7b) | Number of Participants (2013: field 6a, 6b) (2014: field 5a, 5b) | Deposits (field 8a, 8b, 8c) |
|---|---|---|---|---|
| January 1, 2013 | 4,529,723 $ | 0 $ | 1 | - |
| December 31, 2013 | 4,893,956 $ | 0 $ | 1 | 0 $ |
| December 31, 2014 | 5,309,103 $ | 0 $ | 1 | 0 $ |

Furthermore, the tax returns on the pension company indicate, among other things, the following: [20]

| | | |
|---|---|---|
| 1c: | Date plan first became effective: | 01/01/2002 |
| 1b: | Plan number: | 001 |
| 9: | Plan Characteristics 2E code [21]: | Profit-sharing |

Plan Characteristics 3D code[22]:     Pre-approved pension plan – A master prototype, or volume submitter plan that is the subject of a favorable opinion or advisory letter from the IRS

## 1.5    The formation and registration of the pension fund

On December 1, 2015, SKAT received by email the following requested material from Trustee Stacey Kaminer regarding American Investment Group's incorporation and registration status:[23]

- Pension agreement effective from January 22, 2010 [24]
  The preamble to the pension agreement states that the pension agreement is between American Investment Group and Trustee Robert Crema and Elaina Crema.
  It is advised that the original pension agreement effective as of January 1, 2002, (Effective Date) has been amended at the request of American Investment Group of New York, L.P.

- Letter dated 11 -06-2002 from IRS (Internal Revenue Service)[25]
  EIN 30-0124217 (Employer Identification Number) assigned to the pension fund by trust Robert Crema

- Acceptance letters dated January 14, 2003 and March 31, 201.4 from the IRS [26]
  The pension fund is accepted on the present basis under *"section 401 of the Internal Revenue Code"*.

  However, in this written material, the EIN does not match the EIN on the tax return (Form 5500).

---

[20] Appendices 125-23-5 to 125-23-9
[21] Appendices 125-21-12
[22] Appendices 125-21-12
[23] Appendices 125-11-1 to 125-11-2
[24] Appendices 125-11-3 to 125-11-74
[25] Appendices 125-11-75
[26] Appendices 125-11-79 to 125-11-82

Confidential Pursuant to Protective Order                                  SKAT_MDL_001_008109

- Letter dated November 29, 2015 from K&L Gates LLP stated:[27]
  *"the Pension Plan is a U.S. pension/retirement plan qualified under section 401(a) of the*
  *U.S. Internal Revenue Code of 1986, as amended (the "IRC") and is therefor, exempt from*
  *U.S. income taxation under section 501(a) of the Code. ....*
  *Accordingly, the Pension Plan is a resident of the United States of America for*
  *purposes of U.S. taxation and entitled to the benefits of the Denmark-United States 1999*
  *Income Tax Convention and Final Protocol, as Amended "*


**1.6    Information on the business to which the pension fund is affiliated**

In the pension fund's US tax returns for 2013 and 2014, the following information is reported about
the business the pension fund is associated with:[28]

| | |
|---|---|
| 2a: Employers name: | American Investment Group of New York, L.P. |
| 2b: Employers identification no: | 30-0124217 (EIN) |
| 2d: Business code 523900 [29]: | Other Financial Investment Activities (including portfolio management & investment advice |

It should be noted that business is referred to as an "employer" in the United States.


**1.7    Evidence of American Investment Group's ownership of the shares, etc.**

As evidence of American Investment Group's ownership of the shares and receipt of the dividends
in respect of which withheld dividend tax is being recovered, SKAT received from Stacey Kaminer
on December 1, 2015, are the following statements from the brokerage firm ED&F Man Capital
Markets Ltd's client account:

- Account Transaction (General Ledger) 01/08/2014 – 11/08/2014 [30]
  Much of the text has been made illegible by being crossed out.

- Account Transaction (General Ledger) 01/08/2015 – 13/08/2015 [31]
  Much of the text has been made illegible by being crossed out.

- Account Equity as at 10/08/2015 [32]
  SKAT has only received page 1 of 3 pages.
  Much of the text has been made illegible by being crossed out.

- Account Equity 11/08/2015 [33]
  SKAT has only received page 1 of 3 pages.
  Much of the text has been made illegible by being crossed out.

---

[27] Appendices 125-11-77 to 125-K-78
[28] Appendices 125-23-5 to 125-23-9
[29] Appendices 125-21-14
[30] Appendices 125-11-85
[31] Appendices 125-11-86
[32] Appendices 125-11-87
[33] Appendices 125-15-88

Confidential Pursuant to Protective Order                                              SKAT_MDL_001_008110

- Trade Reference 529234 [34]
  A copy of an internal email dated August 14, 2015 from the brokerage firm regarding the brokerage firm's purchase of 2,000,000 TDC A/S shares for NET Cash 101,801,280 DKK. American Investment Group is listed as "Customer".

- Trade Reference 317924 [35]
  A copy of an internal email dated August 7, 2014 from the brokerage firm regarding the brokerage firm's purchase of 3,400,000 TDC A/S shares for Net Cash 176,122,210 DKK. American Investment Group is listed as "Customer".

It should be noted that the account relates to an amount outstanding in **Danish kroner.**


## 1.8    Tax Voucher

Attached to American Investment Group's request for refund of withheld dividend tax was a Tax Voucher from the brokerage firm ED&F Man Capital Markets Limited, signed by Christina MacKinnon, Head of Securities Operations - confirming, among other things, that American Investment Group owned the shares on the dividend date:[36]

> *"ED&F Man Capital Markets Limited ... - confirm, American Investment Group of NY L.P. Pension Plan ... was holding the below security over the dividend date."*

> *"ED&F Man Capital Markets Limited has no beneficial interest in the holding and will not be reclaiming the tax. The dividends specified on this credit advice were paid net of withholding tax to American Investment Group of NY L.P. Pension Plan."*

In the email from Stacey Kaminer on December 1, 2015, SKAT received a copy of *"SECURITY AND SET-OFF DEED"*. The document is a security and set-off agreement between the pension fund and ED&F Man Capital Markets Limited. The agreement entered into force on June 21, 2012 and was signed by Robert Crema, Trustee of American Investment Group, and on behalf of ED&F Man Capital Markets Limited, by Sharon Heath.[37]

---

[34] Appendices 125-11-83
[35] Appendices 125-11-84
[36] Appendices 125-3A
[37] Appendices 125-11-89 to 125-11-105

Confidential Pursuant to Protective Order                    SKAT_MDL_001_008111

## 1.9    Previous requests for refund of withheld dividend tax

American Investment Group, as a pension fund, has previously requested refund of withheld dividend taxes and has been paid a total of DKK 21,060,000.[38]
This payment corresponds to the company having made investments yielding a dividend of DKK 78,000,000 in Danish C20 shares alone.

The following information is provided in American Investment Group's previous requests:

| SKAT's bundle no. | Date of the request | Share | Number of units. | Expiration date | Dividend DDK | Recovered dividend tax DDK | Appendix no. |
|---|---|---|---|---|---|---|---|
| 15614 | 03-05-2014 | Coloplast A/S | 500,000 | 12-06-2013 | 3,500,000 | 945.000 | 125-12-4 |
| 19414 | 03-26-2014 | TDC A/S | 5.000.000 | 03-07-2014 | 11,000,000 | 2,970,000 | 125-13-3 |
| 21814 | 04-04-2014 | Danske Bank A/S | 7,750,000 | 03-19-2014 | 15,500,000 | 4,185,000 | 125-14-3 |
| 21814 | 04-04-2014 | Novo Nordisk A/S | 3,500,000 | 03-21-2014 | 15,750,000 | 4,252,500 | 125-14-4 |
| 27814 | 04-16-2014 | A.P. Møller Mærsk A/S (8) | 1.000 | 04-01-2014 | 1,400,000 | 378,000 | 125-15-3 |
| 27814 | 04-16-2014 | Tryg A/S | 50,000 | 04-04-2014 | 1,350,000 | 364,500 | 125-15-4 |
| 72614 | 08-14-2014 | TDC A/S | 3,400,000 | 08-08-2014 | 5,100,000 | 1,377,000 | 125-16-3 |
| 106214 | 12-03-2014 | Chr. Hansen Holding A/S | 800.000 | 11-28-2014 | 3,016,000 | 814.32.0 | 125-17-3 |
| 109214 | 12-10-2014 | Coloplast A/S | 1,500,000 | 12-05-2014 | 11,250,000 | 3,037,500 | 125-18-3 |
| 21315 | 03-04-2015 | Novozymes A/S | 750,000 | 02-26-2015 | 2,250,000 | 607,500 | 125-19-3 |
| 34815 | 04-08-2015 | A.P. Møller Mærsk A/S (8) | 4,000 | 03-31-2015 | 7,884,000 | 2,128,680 | 125-20-4 |
| | | Total | | | 78,000,000 | 21,060,000 | |

## 1.10    Calculation of investments

SKAT has calculated the acquisition costs of the shares referred to above on the basis that the shares must be owned on the day before the ex-date. The acquisition amounts indicated below are therefore calculated on the basis of the closing price on the trading day prior to the ex-date:

| SKAT's bundle no. | Ex-date | Price date | Share | Number of units. | Price* | Estimated acquisition cost DDK |
|---|---|---|---|---|---|---|
| 15614 | 12-06-2013 | 12-05-2013 | Coloplast A/S | 500,000 | 358.30 | 179,150,000 |
| 19414 | 03-07-2014 | 03-06-2014 | TDC A/S | 5,000,000 | 52.65 | 263,250,000 |
| 21814 | 03-19-2014 | 03-18-2014 | Danske Bank A/S | 7,750,000 | 145.70 | **1,129,175,000** |
| 21814 | 03-21-2014 | 03-20-2014 | Novo Nordisk A/S | 3,500,000 | 245.80 | **860,300,000** |
| 27814 | 04-01-2014 | 03-31-2014 | A.P. Møller Mærsk A/S (8) | 1.000 | 65,000,00 | 65,000,000 |
| 27814 | 04-04-2014 | 04-03-2014 | Tryg A/S | 50,000 | 110.30 | 5,515,000 |
| 72614 | 08-08-2014 | 08-07-2014 | TDC A/S | 3,400,000 | 51.35 | 174,590,000 |
| 106214 | 11-28-2014 | 11-27-2014 | Chr, Hansen Holding A/5 | 800.000 | 258.90 | 207,120,000 |
| 109214 | 12-05-2014 | 12-04-2014 | Co loplast A/S | 1,500,000 | 527.00 | 790,50S,000 |
| 21315 | 02-26-2015 | 02-25-2015 | Novozymes A/S | 750.000 | 322.50 | 241,875,000 |
| 34815 | 03-31-2015 | 03-30-2015 | A.P. Møller Maersk A/S (B) | 4,000 | 16,410,00 | 65,640,000 |

*Shares are listed on the Euro Investors website: http://www.euroinvestor.dk/

---

[38] Appendices 125-12-1 to 125-20-7

Confidential Pursuant to Protective Order                    SKAT_MDL_001_008112

# 2    Legal provisions

## 2.1    Legislative Decree

Corporate Tax Code ~ Legislative Decree No. 680 of May 20, 2015:
- §2(1)(c) and (3)(2).

The Tax Assessment Act - Legislative Decree No. 1041 of 15 September 2014 with subsequent amendments:
- §16A, paragraph 1.

The Withholding Tax Act - Legislative Decree No. 1403 of 7 December 2010 with subsequent amendments:
- §§ Sections 65(1), 65A(1) and 69B(1) and (2).

## 2.2    Double Taxation Convention

BK1 No, 13 of 14/4 2000 of the Convention of 19/8 1999 between Denmark and the United States for the avoidance of double taxation and the prevention of tax evasion with respect to income tax. As amended by BKI No 1 of 18/2 2008 of Protocol of 2/5 2006:
- Articles 10 and 22.

## 2.3    Case law

SKM 2010.266 SR. Binding reply of the Tax authorities on January 26, 2010.

When lending shares, the Tax authority consider that the lender continues to be considered the owner of the shares for tax purposes, and therefore the dividend must be taxed according to the rules applicable to the lender, including any double taxation agreement between Denmark and the state where the lender is resident.

Confidential Pursuant to Protective Order                                    SKAT_MDL_001_008113

# 3    SKAT's observations

## 3.1    Legal basis

A foreign company that receives dividends from a Danish company is subject to limited tax liability in Denmark under Section 2(1)(c) of the Danish Corporation Tax Act.

A foreign company with limited tax liability in Denmark must pay 27% tax on dividends, cf. Section 2(3) of the Danish Corporation Tax Act, and the Danish paying company accordingly includes 27%. This is stated in section 65 of the Withholding Tax Act.

Where the beneficiary owner of the share dividend is resident in the United States, Denmark may tax dividends paid by a company resident in Denmark at 15% of the gross amount pursuant to Article 10(2)(b) of the Double Taxation Convention between Denmark and the United States.

However, Denmark may not tax dividends paid to a company resident in the United States if the beneficiary owner is a pension fund as referred to in Article 22(2)(e), cf. Article 10(3)(c) of the `Double Taxation Convention.

A pension fund within the scope of Article 22(2)(e) is a legal person, whether exempt from taxation or not, organized under the laws of a contracting state for the provision of pensions or similar benefits under a defined scheme to employed persons, including self-employed persons, provided that more than 50 per cent of the beneficiaries, members or participants of such a fund are natural persons resident in one of the contracting states.

Regarding share loans, SKM2010.266SR states that dividends on shares lent are taxable to the lender.

## 3.2    The request of August 13, 2015

Goal Taxback Limited, as agent, on behalf of American Investment Group, has applied for a recovery of withheld dividend tax, by reference to the Double Tax Treaty between Denmark and the United States, in respect of the following shares:[39]

| ISIN/Shares | Expiration date | Request for reimbursement | Net dividend | Number of Shares |
|---|---|---|---|---|
| DK0060228559 TDC A/S | August 10, 2015 | DKK 810,000 | DKK 2,190,000 | 3,000,000 |

---

[39] Appendices 125-1A to 125-7A

Confidential Pursuant to Protective Order                                                          SKAT_MDL_001_008114

### 3.3    The pension fund and the company to which it is associated.

FORM 6166 indicates that American Investment Group, LP Pens/on PZnn is registered as a pension fund in the United States. [40]

The pension fund is an independent entity associated with the business enterprise American Investment Group of New Kork, LP., which according to the tax returns is a sole trader. [41]

Pension funds for sole traders are set up with the aim that the owner of the business and their spouse can save towards the pension.
Pension funds must file a separate tax return and have a separate bank account in order to comply with the asset segregation requirements between the pension fund and the employer (business).[42]

### 3.4    Pension Fund Trustee

In a email dated December 1, 2015 from Stacey Kaminer, SKAT received a "Minutes of Meeting" dated February 23, 2011. It indicates that Stacey Kaminer will become a Trustee and that Elaina Crema will resign as a Trustee of American Investment Group. The document is signed by Trustee Robert Crema and Stacey Kaminer, but not by Elaina Crema. [43]

On this basis, it is accepted that Stacey Kaminer may represent American Investment Group.

### 3.5    Missing or insufficient documentation

### 3.5.1  Original documents missing

For the purpose of verifying the ownership of the shares by American Investment Group, the right to the dividend and that the dividend has indeed accrued to American Investment Group, SKAT has requested original Tax Voucher /credit advice, purchase and holding receipts and bank account statements. [44]

SKAT has only received responses via email. They are therefore not original documents.[45]

The original documents requested have not been provided to SKAT and the material SKAT has received instead of the original documents is insufficient. More details below. The requests can therefore be rejected on this basis alone.

---

[40] Appendices 125-5A
[41] Appendices 125-23-5 to 125-23-9
[42] Appendices 125-22-1 and 125-22-4
[43] Appendices 125-11-76
[44] Appendices 125-8-1 to 125-8-3
[45] Appendices 125-11-1 to 125-11-2

Confidential Pursuant to Protective Order                    SKAT_MDL_001_008115

### 3.5.2   Insufficient evidence of ownership of the shares and dividends received

As evidence of American Investment Group's ownership of the shares and receipt of the dividend on which withheld dividend tax is sought to be recovered, SKAT received on December 1, 2015 statements from the brokerage firm ED&F Man Capital Markets Ltd's client account. It is noted that the account relates to an account payable in **Danish kroner** between the brokerage firm and American Investment Group of NY L.P. Pens.

The printout copies are incomplete, with pages missing and much of the text on the pages received by SKAT illegible due to being crossed out. This applies to the following printout copies:

- Account Transaction (General Ledger) 08/01/2014 - 08/11/2014 [46]
  A large amount of the text has been crossed out.

- Account Transaction (General Ledger) 08/01/2015 – 08/13/2015 [47]
  A large amount of the text has been crossed out.

- Account Equity as on 10/08/2015 [48]
  SKAT has only received page 1 of 3 pages. A large amount of the text has been crossed out.

- Account Equity 11/08/2015 [49]
  SKAT[1] has only received page 1 of 3 pages. A large amount of the text has been crossed out.

SKAT do not agree with the statement in the letter from trustee Stacey Kaminer that the attached "*Accounts Statements*" and "*Positions Reports*" contain irrelevant information which therefore has been crossed out for private reasons (*with any unrelated information blacked out for privacy purposes*). [50]

It is claimed that the text rendered illegible does not relate to the shares for which the refund of withheld dividend tax is sought or to Danish shares or transactions in general, given that the brokerage firm is domiciled in England, the pension fund is American and the client account is denominated in **Danish kroner.**

SKAT finds it unlikely that the entries in the account have no relation to Danish shares, including settlement.

As the printouts copies are incomplete, it is not possible to verify the transactions. The statements therefore do not establish American Investment Group's ownership of the shares in question or that American Investment Group received the dividends with respect to which withholding tax is sought to be recovered.

---

[46] Appendices 125-11-85
[47] Appendices 125-11-86
[48] Appendices 125-11-87
[49] Appendices 125-11-88
[50] Appendices 125-11-2

Confidential Pursuant to Protective Order                                                    SKAT_MDL_001_008116

The request for refund of withheld dividend tax was accompanied by a Tax Voucher from the brokerage firm ED&F Man Capital Markets Limited, signed by Christina MacKinnon, Head of Securities Operations, confirming, inter alia, that American Investment Group owned the shares on the dividend date: [51]

"ED&F Man Capital Markets Limited ... - confirm, American Investment Group of New York, L.P. Pension Plan ... was holding the below security over the dividend date."

"ED&F Man Capital Markets Limited has no beneficial interest in the holding and will not be reclaiming the tax. The dividends specified on this credit advice were paid net of withholding tax to American Investment Group of New York, L.P Pension Plan."

It seems implausible from a commercial point of view that the brokerage firm confirms by signature transactions which apparently cannot be subsequently documented by a purchase invoice from the third party.

As evidence of the pension fund's purchase of the TDC A/S shares in question, SKAT received in an email from Stacey Kaminer on December 1, 2015 a copy of an internal email of ED&F Man Capital Markets Limited sent on August 14, 2015 at 9.43 AM [52]:

From:    Secops secops@edfmancapital.com
To:      LDN-EQUITYFINANCE-REPORTING-MB

This mail does not prove that American Investment Group purchased the shares subject to the recovery of withholding tax request as no evidence is provided demonstrating that American Investment Group actually paid for them.

In addition, attached to the email from Stacey Kaminer was the document "SECURITY AND SET-OFF DEED". The document is a security and offset agreement between American Investment Group and the brokerage firm ED&F Man Capital Markets Limited.
This agreement is not seen to contribute to addressing the questions raised by SKAT regarding the ownership of the shares in question by American Investment Group.[53]

Accordingly, no evidence has been provided that American Investment Group owned the shares in question on the ex-date and is therefore entitled to recover withheld dividend tax.

[51] Appendices 125-3A
[52] Appendices 125-11-83
[53] Appendices 125-11-89 to 125-11-105

Confidential Pursuant to Protective Order    SKAT_MDL_001_008117

### 3.5.3  Insufficient documentation of actual cash flows

SKAT notes that no documentation has been provided by the third party to substantiate that the transactions between ED&F Man Capital Market Ltd and American Investment Group actually occurred.

SKAT has requested American Investment Group to provide statements from American Investment Group's bank account as evidence that the share transactions in question and the share dividend have resulted in actual cash flows between American Investment Group and the brokerage firm ED&F Man Capital Market Ltd, which SKAT has not received? [54]

It is noted that according to the IRS website, a pension fund must have its own separate bank account for purposes of asset segregation between the pension fund and the employer company? [55]

The printout copies provided from the brokerage firm's client account do not in themselves prove that the transactions between American Investment Group and the brokerage firm were actually conducted. [56]

On this basis, SKAT does not consider that American Investment Group has established its ownership of the shares in question, nor is it established that American Investment Group has received the dividend and that dividend tax has been withheld.

### 3.6  Capital basis for investment

American Investment Group, as a pension fund, has been paid a total of DKK 21,060,000 in withheld dividend taxes by SKAT over a period of 16 months, from December 2013 to March 2015. This is equivalent to the company having made investments yielding DKK 78,000,000 in Danish C20 shares alone [57]

SKAT has above in points 1.9 and 1.10 made a calculation of the investments required to reach this share dividend.

The calculation demonstrates, among other things:
- that on March 18/20 2014 American Investment Group would own shares in Novo Nordisk/VS and Danske Bank A/S for a total investment of approximately DKK 1,989,000,000.

- that on December 4, 2014, American Investment Group owned shares in Coloplast A/S for an investment of DKK 790,500,000.

According to the American Investment Group's US tax return for 2014, the pension fund's assets amounted to $4,893,956 at the beginning and $5,309,103 at the end of the year. [58]
This corresponds to assets of DKK 27,499,363 at the beginning of the year and DKK 29,832,093 at the end of the year at a US dollar exchange rate of 561,9046. [59]

---

[54] Appendices 125-8-1 to 125-8-3
[55] Appendices 125-22-1 and 125-22-4
[56] Appendices 125-11-85 125-11-88
[57] Points 1.9 and 1.10 of this letter
[58] Appendices. 125-23-7 to 125-23-8
[59] US dollar average exchange rate 2014 - www.nationalbanken.dk

Confidential Pursuant to Protective Order

SKAT_MDL_001_008118

American Investment Group's assets at the end of 2014 have therefore increased by $415,147, or DKK 2,332,730, according to the pension fund's 2014 US tax return.

According to the tax returns, no contributions were made to the pension fund in 2013 and 2014.[60]

There is a discrepancy between the 2014 American Investment Group tax return (Form 5500) net worth information and the reported investments and stock dividends. In this respect, it is unlikely that American Investment Group has been able to make the above investments from its own resources.

Furthermore, the American Investment Group's assets at the end of 2014 do not even remotely reflect the fact that DKK 78,000,000 in share dividends and refunded dividend taxes should have accrued to the pension fund during the year.

For these reasons, it is apparent that American Investment Group did not have the funds to make th investments set out in its request dated August 13, 2015.

It should be noted that in the case of loaned shares, the company cannot recover withheld dividend tax on these.

---

[60] Appendices 125-23-5 to 125-23-9

Confidential Pursuant to Protective Order                                          SKAT_MDL_001_008119

## 4   SKAT's preliminary conclusion

At the taxpayer's request, SKAT will refund any withheld dividend tax that exceeds the final tax under a double taxation agreement.

SKAT cannot grant American Investment Group's request dated August 13, 2015, for refund of withheld dividend tax since:

- American Investment Group has not documented the purchase of the shares subject to the dividend tax recovery, nor whether any shares are part of a loan arrangement.

- American Investment Group has not demonstrated ownership of the shares in question at the time of the dividend, whereupon the dividend tax is recovered.

- American Investment Group has not demonstrated that it has received dividends in respect of the shares in question on which the dividend tax refund is sought.

American Investment Group therefore does not qualify for the payment of withholding tax on Danish shares under Article 10 of the Double Taxation Convention between Denmark and the United States.

American Investment Group, as a pension fund - with a single participant and the resulting limited amounts of deposits - did not have the sufficient capital basis to be able to make investments in Danish shares of the amount underlying both this and previous requests for payment of withheld dividend tax. The request does not qualify under Article 22(2)(e) of the DTA between Denmark and the United States due to the lack of capital basis.
Therefore, the request dated August 13, 2015 is not covered by Article 22(2)(e) of the DTA between Denmark and the United States.

For these reasons, SKAT cannot grant American Investment Group's request for refund of withheld dividend tax on the Danish shares pursuant to Section 69 B(1)(1) of the Danish Withholding Tax Act.

## 5   Company's response

SKAT has not received any response to SKAT's draft decision.

## 6   SKAT's decision

SKAT has not received any response to SKAT's proposed decision, which is why SKAT is making a decision in accordance with the proposal.

SKAT cannot grant the company's request for refund of withheld dividend tax on the Danish shares.

Confidential Pursuant to Protective Order                                                          SKAT_MDL_001_008120

## Appeal procedure

**Appeal**

If the company does not agree with SKAT's decision, an appeal can be made to the Danish Tax Appeals Agency.

The Danish Tax Appeals Agency must receive the appeal within three months of receipt of this decision.

**How to appeal?**

The appeal must be in writing and contain all the points being appealed.

The appeal must be submitted with the following documents included:

- This decision
- Documents supporting and corroborating the appeal.

**Where should the appeal be submitted?**

The appeal can be submitted in three ways:

1. Electronically on the Danish Tax Appeals Agency portal at skatteankestyrelsen.dk.
2. As digital mail via virk.dk.
3. By regular mail to Danish Tax Appeals Agency; At Vesterport 6, 6th floor; 1612 Copenhagen V.

**What is the appeal fee?**

The fee for making an appeal is DKK 400.

The amount is payable to account number 0216, account number 4069029361. The name of the company must be indicated in the reference field. This account is only used to pay the 400 DKK for the complaint and not for other types of payments to SKAT.

If the company is successful in all or part of the appeal, the money will be refunded.

**The Danish Tax Appeals Agency**

The company has the opportunity to have a meeting with a case manager at the Danish Tax Appeals Agency, and in this context the company is asked to provide a telephone number in the appeal.

**Legislation and regulations**

The referenced legislation and decisions can be found at skat.dk/love or sk.at.dk/aigørelser.

The company can read more about filing a appeal at skat.dk/klage.

Best regards

Gitte Kierkegaard
Consultant

Email: Gitte.kierkegaard@skat.dk
Telephone no: (+45) 72 37 02 07

Katrine Basballe
Consultant

Email: katrine.basballe@skat.dk
Telephone no: (+45) 72 37 02 38

A copy of SKAT's letter of notification to Goal TaxBack Limited is included.

Confidential Pursuant to Protective Order                                    SKAT_MDL_001_008121



## <u>CERTIFICATE OF ACCURACY</u>

The undersigned, Luis R. de la Vega, President of Protranslating, appearing on behalf of Protranslating, an ISO 9001 and 17100 certified company, hereby states, to the best of his knowledge and belief, that the foregoing is an accurate translation from **Danish** into **English** of the document(s) titled:

-   **SKAT_MDL_001_008102**

Luis R. de la Vega
President of Protranslating

State of Florida
Miami Dade County

The foregoing certificate was acknowledged before me on April 18, 2022 by Luis R. de la Vega, President of Protranslating, a Florida corporation, on behalf of the corporation. He is personally known to me.

Notary Public

My commission expires:

ANGELA C. ZARAGOZA
MY COMMISSION # GG 946430
EXPIRES: March 2, 2024
Bonded Thru Notary Public Underwriters







**Antifraud Unit SK 3**
Danish Customs and
Tax Administration

Kratbjerg 236
DK - 3480 Fredensborg

www.skat.dk

Date: 28 October 2016

Your ref. BACEDK000063

J.nr. 15-2943752

TIN: 30-0124217

Gitte Kierkegaard
Special Agent

GOAL TaxBack Limited
Att.: Melissa-Anne Rodrigues
69 Park Lane
Croydon, Surrey, CR9 1BG
UK

## For your information

You have on behalf of American Investment Group of New York, L.P Pension
Plan reclaimed withhold dividend tax:

13 August 2015      DKK 810.000

It appears from the final decision that the request for refund cannot be approved.

The reason for SKAT not having found any basis for approving the request for
refund appears from the final decision. In this connection, it should be remarked
that the court language in Denmark is Danish in accordance with Section 149 of
the Danish Administration of Justice Act (Retsplejeloven).

Danish Customs and Tax Administration has only send the final decision to
American Investment Group of New York, L.P Pension Plan.

Please note that the guidelines for making an appeal appears from the decision.
In this context it should be noted that an appeal, if any, must reach the Danish
Tax Appeals Agency no later than three months from the receipt of the decision.

Yours Sincerely

Gitte Kierkegaard

Special agent

gitte.kierkegaard@skat.dk
Direct telephone +45 72370207

Katrine Basballe

Special agent

Katrine.basballe@skat.dk
Direct telephone +45 72370238

Copy sent to American Investment Group of New York, L.P Pension Plan.

Confidential Pursuant to Protective Order

SKAT_MDL_001_008122




**SKAT**

American Investment Group of New York, L.P Pension Plan
3372 Woods Edge Circle, Suite 104
Bonita Springs
Florida 34134
USA

Antifraud Unit SK 3
Danish Customs and
Tax Administration

Kratbjerg 236
DK - 3480 Fredensborg

Phone +(45) 7222 1818

www.skat.dk

Date: 28 October 2016

J.nr. 15-2943752

TIN  30-0124217

Gitte Kierkegaard
Special Agent

## For your information

Please find enclosed SKATs final decision on your request for a dividend tax refund.

It appears from the enclosed decision that the request for refund cannot be approved.

The reason for SKAT not having found any basis for approving the request for refund appears from the enclosed decision.  In this connection, it should be remarked that the court language in Denmark is Danish in accordance with Section 149 of the Danish Administration of Justice Act (Retsplejeloven).

It is recommended that you have the enclosed decision translated, if necessary.

Please note that the guidelines for making an appeal appears from the decision. In this context it should be noted that an appeal, if any, must reach the Danish Tax Appeals Agency no later than three months from the receipt of the enclosed decision.

Yours Sincerely

Gitte Kierkegaard
Special agent

gitte.kierkegaard@skat.dk
Direct telephone +45 72370207

Katrine Basballe
Special agent

katrine.basballe@Skat.dk
Direct telephone +45 72370238

Information about the final decision is sent to:
GOAL TaxBack Limited, 69 Park Lane, Croydon, Surrey, CR9 1BG, UK

Page 1 / 1

Confidential Pursuant to Protective Order

SKAT_MDL_001_008102




American Investment Group of New York, L.P Pension Plan
3372 Woods Edge Circle, Suite 104
Bonita Springs
Florida 34134
USA

Særlig Kontrol 3

Kratbjerg 236
3480 Fredensborg
Denmark

www.skat.dk

Dato: 28. oktober 2016

Ref. Captia nr: 15-2943752

Dit TIN: 30-0124217

**Afgørelse – Afslag på anmodninger om tilbagebetaling af udbytteskat**

Goal TaxBack Limited har som agent, på vegne af American Investment Group of New York, L.P Pension Plan (herefter American Investment Group), fremsendt anmodning dateret den 13. august 2015 om tilbagebetaling af indeholdt udbytteskat, i alt 810.000 DKK.

SKAT har den 30. august 2016 fremsendt forslag til afgørelse.

SKAT har ikke modtaget bemærkninger til det fremsendte forslag, hvorfor SKAT træffer afgørelse i overensstemmelse hermed.

## SKATs afgørelse

SKAT skal efter anmodning fra den skattepligtige tilbagebetale indeholdt udbytteskat, som overstiger den endelige skat efter en dobbeltbeskatningsoverenskomst.

SKAT kan ikke imødekomme American Investment Groups anmodning om tilbagebetaling af indeholdt udbytteskat af danske aktier, idet:

- American Investment Group har ikke dokumenteret købet af de aktier, hvorpå udbytteskatten tilbagesøges, ligesom det ikke fremgår om eventuelle aktier indgår i et låne-arrangement.

- American Investment Group har ikke dokumenteret ejerskabet på udbyttetidspunktet til de omhandlede aktier, hvorpå udbytteskatten tilbagesøges.

- American Investment Group har ikke dokumenteret, at selskabet har modtaget udbytte og at der er indeholdt udbytteskat vedrørende de pågældende aktier, hvorpå udbytteskatten tilbagesøges.

American Investment Group opfylder således ikke betingelserne for at få udbetalt indeholdt udbytteskat af danske aktier, jf. artikel 10 i dobbeltbeskatningsoverenskomsten mellem Danmark og USA.

American Investment Group har som pensionskasse – med en enkelt deltager med de deraf afgrænsede indskudsbeløb - ikke haft det fornødne kapitalgrundlag til at kunne foretage investeringer i danske aktier i den størrelsesordenen som ligger til grund for såvel denne som tidligere anmodninger om udbetaling af indeholdt udbytteskat. Anmodningen kan på grund af det manglende kapitalgrundlag, ikke omfattes af artikel 22 stk. 2, litra e i dobbeltbeskatningsaftalen mellem Danmark og USA.

Side 1 / 19

Confidential Pursuant to Protective Order

SKAT kan af disse grunde ikke imødekomme American Investment Groups anmodning af 13. august 2015, om tilbagebetaling af indeholdt udbytteskat af danske aktier efter kildeskattelovens § 69 B, stk. 1, 1. pkt.

For yderligere begrundelse henvises til nedenstående sagsfremstilling og begrundelse.

Der skal i sin helhed henvises til de bilag der tidligere er fremsendte sammen med SKATs forslag. Såfremt bilagene ønskes genfremsendt, bedes selskabet give SKAT besked herom.

Confidential Pursuant to Protective Order

SKAT_MDL_001_008104

## Sagsfremstilling og begrundelse

## Indholdsfortegnelse

SKATs afgørelse ............................................................................................... 1

Sagsfremstilling og begrundelse ......................................................................... 3

1.    Faktiske forhold .......................................................................................... 4

    1.1    Anmodningen af 13. august 2015........................................................... 4

    1.2    SKATs korrespondance med selskabet ................................................... 5

    1.3    Trustee .................................................................................................... 5

    1.4    Oplysninger fra Internal Revenue Service (IRS) i USA ........................ 6

        1.4.1    De amerikanske selvangivelser 2013 - 2014................................... 6

    1.5    Pensionskassens etablering og registreringsforhold............................... 7

    1.6    Oplysning om den erhvervsvirksomhed som pensionskassen er tilknyttet.............. 8

    1.7    Dokumentation for American Investment Group´s ejerskab til aktierne mv. ........... 8

    1.8    Tax Voucher ........................................................................................... 9

    1.9    Tidligere anmodninger om tilbagebetaling af indeholdt udbytteskat....................... 10

    1.10    Beregning af investeringerne ............................................................. 10

2    Retsregler ..................................................................................................... 11

    2.1    Lovbekendtgørelser ............................................................................. 11

    2.2    Dobbeltbeskatningsoverenskomst ........................................................ 11

    2.3    Retspraksis............................................................................................ 11

3    SKATs bemærkninger ................................................................................. 12

    3.1    Lovgrundlag ......................................................................................... 12

    3.2    Anmodningen af 13. august 2015......................................................... 12

    3.3    Pensionskassen og erhvervsvirksomheden den knytter sig til............... 13

    3.4    Pensionskassens trustee ....................................................................... 13

    3.5    Manglende eller ikke fyldestgørende dokumentation .......................... 13

        3.5.1    Manglende originale dokumenter ................................................. 13

        3.5.2    Mangelfuld dokumentation for ejerskab til aktierne og modtagne udbytter...... 14

        3.5.3    Manglende dokumentation for de faktiske pengestrømme ........... 16

    3.6    Kapitalgrundlag for investeringer ........................................................ 16

4    SKATs foreløbige konklusion ..................................................................... 18

5    Selskabets bemærkninger............................................................................. 18

6    SKATs afgørelse .......................................................................................... 18

Klagevejledning ................................................................................................ 19

Confidential Pursuant to Protective Order

SKAT_MDL_001_008105

# 1. Faktiske forhold

## 1.1   Anmodningen af 13. august 2015

Med henvisning til dobbeltbeskatningsoverenskomsten mellem Danmark og USA har Goal Taxback Limited som agent, på vegne af American Investment Group, anmodet om at få tilbagebetalt indeholdt udbytteskat vedrørende følgende aktier: [1]

| ISIN/Aktier | Ex-dato | Anmodning om Tilbagebetaling | Nettoudbytte | Antal Aktier |
|---|---|---|---|---|
| DK0060228559 TDC A/S | 10. aug. 2015 | DKK 810.000 | DKK 2.190.000 | 3.000.000 |

Anmodningen var vedlagt følgende bilag:

- Blanket 06.003 ENG – Claim to Relief from Danish Dividend Tax[2]

- Tax Voucher from custodian ED&F Man Capital Markets Limited
    o  ISIN DK0060228559 – TDC A/S [3]

- FORM 6166 from IRS – Certificate of Residence in USA[4]

- POWER OF ATTORNEY til Goal Taxback Limited fra American Investment Group of New York, L.P Pension Plan, dateret 17. April 2015 [5]

---

[1] Bilag 125-1A til 125-7A
[2] Bilag 125-4A
[3] Bilag 125-3A
[4] Bilag 125-5A
[5] Bilag 125-6A til 125-7A

Confidential Pursuant to Protective Order                    SKAT_MDL_001_008106

## 1.2   SKATs korrespondance med selskabet

Den 28. oktober 2015 har SKAT ved brev anmodet American Investment Group om yder-
ligere oplysninger og dokumentation til brug ved SKATs kontrol af grundlaget for anmod-
ningen, herunder : [6]
- Beskrivelse af selskabet og ID information
- Fuldmagts/repræsentationsforhold
- Dokumentation for selskabets anskaffelse af de pågældende aktier og modtagelse
  af aktieudbytter, hvorpå selskabet tilbagesøger indeholdt udbytteskat.

Den 5. november 2015 har SKAT modtaget en mail fra Melissa-Anne Rodrigues, Operations
Manager, Goal Group of Companies, på vegne af pensionskassen:[7]
- Anmoder om forlængelse af frist til besvarelse af SKATs henvendelse.
- Ønsker oplyst, om Form 6166 er tilstrækkelig dokumentation til spørgsmål nr. 1a i
  SKATs brev af 28. oktober 2015.

Den 10. november 2015 har SKAT imødekommet anmodningen fra Melissa-Anne Rodrigues,
om yderligere svarfrist og samtidig oplyst, at skattepligtserklæringen Form 6166, ikke er til-
strækkelig dokumentation grundet formuleringen *"to the best of our knowledge"*.[8]

Den 1. december 2015 har SKAT modtaget svar pr. mails fra Stacey Kaminer på vegne af
American Investment Group, vedhæftet følgende: [9]
- American Investment Groups Pension Plan.
- Dokumenter vedrørende pensionskassens registrering samt om ændring i trusteeforhold.
- Dokumenter vedrørende anskaffelse af de pågældende aktier og modtagelse af udbyt-
  te. Størstedelen af teksten er gjort ulæseligt ved overstregning.
- Bemærkninger til SKATs spørgsmål.

## 1.3   Trustee

SKAT har den 1. december 2015 pr. mail fra Stacey Kaminer modtaget et *"Minutes of Meet-
ing of the Partners in American Investment Group of New York, L.P."* [10]

Dokumentet er dateret den 23. februar 2011 og vedrører en beslutning om, at Stacey Kaminer
indtræder som trustee og at Elaina Crema fratræder som trustee for pensionskassen.

Sammen med dokumentet *"Minutes of Meeting"* var vedhæftet en udskrift af side 67 fra Ame-
rican Investment Groups pensionsaftale (Pension Plan), hvorpå aftalen er underskrevet af pen-
sionsaftalens parter, American Investment Group of New York L.P. ved Robert N. Crema
samt  Trustees Robert N. Crema og Elaina Crema.[11]

Dokumentet *"Minutes of Meeting"* er imidlertid *ikke* underskrevet af Elaina Crema, men kun
af Robert Crema og Stacey Kaminer.

---

[6] Bilag 125-8 1 til 125-8-3
[7] Bilag 125-9 1 til 125-9-2
[8] Bilag 125-10
[9] Bilag 125-11-1 til 125-11-105
[10] Bilag 125-11-76
[11] Bilag 125-11-76A

Confidential Pursuant to Protective Order

SKAT_MDL_001_008107

### 1.4    Oplysninger fra Internal Revenue Service (IRS) i USA

SKAT har via de kompetente myndigheder i Danmark og USA modtaget oplysninger fra skat-temyndigheden, Internal Revenue Service (IRS) i USA.

- Vedrørende skattepligtserklæringen - Form 6166 (Certification of U.S. Tax Residency). [12]
  Det er oplyst, at Form 6166 er en erklæring, der udstedes af IRS på foranledning af, at
  American Investment Group har indsendt en Form 8802 (Application for United States
  Residency Cerfification). Oplysningerne i Form 8802 afgives under ansvar, men efter-
  prøves ikke af IRS ved udstedelsen Form 6166.

  Den manglende prøvelse af grundlaget medfører, at IRS formulerer sig således i skatte-
  pligtserklæringen, Form 6166:
  *"I certify that, **to the best of our knowledge**, the above-named entity is a trust forming
  part of a pension, profit sharing, or stock bonus plan qualified under section 401(a) of
  the U.S. Internal Revenue Code, which is exempt from U.S. taxation under section 501(a),
  and is a resident of the United States of America for purposes of U.S. taxation."*

- IRS har ved brev den 3. august 2016 fremsendt: [13]
  Udskrift af American Investment Group´s selvangivelser for 2013 og 2014 (Form 5500)[14]

- IRS har ved mail den 15. juni 2016 oplyst et link til IRS hjemside hvor reglerne for de
  forskellige typer af pensionsselskaber kort er beskrevet:
  https://www.irs.gov/retirement-plans/plan-participant-employee/retirement-topics-
  contributions
  Sider SKAT har fundet relevante er vedlagt.[15]

- IRS har ved brev af 13. juni 2016 fremsendt: [16]
  2015-Instuctions for Form 5500-EZ mv. [17]

### 1.4.1  De amerikanske selvangivelser 2013 - 2014

SKAT har modtaget udskrift af American Investment Group´s selvangivelser:

2013: Form 5500-EZ – *Annual Return of One-Participant (Owners and Their Spouses)
                 Retirement Plan* [18]
2014: Form 5500-SF – *Short Form Annual Return/Report of Small Employee Benefit Plan"* [19]

Ved markering i 2014-selvangivelsens Part I er det oplyst, at selvangivelsen vedrører *"a one
participant plan"* (en pensionskasse for en enkelt deltager).

---

[12] Bilag 125-5A
[13] Bilag 125-23-1 til 125-23-9
[14] Bilag 125-23-5 til 125-23-9
[15] Bilag 125-22-1 til 125-22-6
[16] Bilag 125-21-1 til 125-21-15
[17] Bilag 125-21-4 til 125-21-15
[18] Bilag 125-23-5 til 125-23-6
[19] Bilag 125-23-7 til 125-23-9

Confidential Pursuant to Protective Order

SKAT_MDL_001_008108

Desuden er følgende oplyst i selvangivelserne:

| Finansiel Information | Aktiver (felt 7a) | Gæld (felt 7b) | Antal Deltagere (2013: felt 6a, 6b) (2014: felt 5a, 5b) | Indskud (felt 8a, 8b, 8c) |
|---|---|---|---|---|
| 1. januar 2013 | 4.529.723 $ | 0 $ | 1 | - |
| 31. december 2013 | 4.893.956 $ | 0 $ | 1 | 0 $ |
| 31. december 2014 | 5.309.103 $ | 0 $ | 1 | 0 $ |

Herudover fremgår blandt andet følgende af selvangivelserne om pensionsselskabet: [20]
1c:  Date plan first became effective:  01/01/2002
1b:  Plan number:                        001
9:   Plan Characteristics 2E code[21]:   Profit-sharing
     Plan Characteristics 3D code[22]:   Pre-approved pension plan – A master prototype,
                                         or volume submitter plan that is the subject of a
                                         favorable opinion or advisory letter from the IRS

## 1.5    Pensionskassens etablering og registreringsforhold

SKAT har den 1. december 2015 pr. mail modtaget følgende udbedt materiale fra Trustee
Stacey Kaminer vedrørende American Investment Group´s etablering og registreringsforhold:[23]

- Pensionsaftale gældende fra 22. januar 2010 [24]
  Det fremgår af pensionsaftalens indledende bemærkninger, at pensionsaftalen er indgået
  mellem erhvervsvirksomheden American Investment Group og Trustee Robert Crema og
  Elaina Crema.
  Det oplyses, at den oprindelige pensionsaftale gældende fra 1. januar 2002, (Effective
  Date) er ændret efter ønske fra American Investment Group of New York, L.P.

- Brev dateret 11-06-2002 fra IRS (Internal Revenue Service) [25]
  EIN 30-0124217 (Employer Identification Number) tildelt pensionskassen ved trust Robert
  Crema

- Accept-skrivelser af 14. januar 2003 og 31. marts 2014 fra IRS [26]
  Pensionskassen accepteres på det foreliggende grundlag under *"section 401 of the Internal
  Revenue Code"*.

  På disse skrivelser er EIN imidlertid ikke identisk med EIN på selvangivelsen (Form 5500).

---

[20] Bilag 125-23-5 til 125-23-9
[21] Bilag 125-21-12
[22] Bilag 125-21-12
[23] Bilag 125-11-1 til 125-11-2
[24] Bilag 125-11-3 til 125-11-74
[25] Bilag 125-11-75
[26] Bilag 125-11-79 til 125-11-82

Confidential Pursuant to Protective Order

SKAT_MDL_001_008109

- Brev dateret den 29. november 2015 fra K&L Gates LLP, hvori det anføres: [27]
  *"the Pension Plan is a U.S. pension/retirement plan qualified under section 401(a) of the U.S. Internal Revenue Code of 1986, as amended (the "IRC") and is therefor, exempt from U.S. income taxation under section 501(a) of the Code. ....*
  *Accordingly, the Pension Plan is a resident of the United States of America for purposes of U.S. taxation and entitled to the benefits of the Denmark-United States 1999 Income Tax Convention and Final Protocol, as Amended."*

### 1.6   Oplysning om den erhvervsvirksomhed som pensionskassen er tilknyttet

I pensionskassens amerikanske selvangivelser for 2013 og 2014, er følgende oplyst om den erhvervsvirksomhed pensionskassen er knyttet til: [28]

2a: Employers navn:              American Investment Group of New York, L.P.
2b: Employers identifikationsnr: 30-0124217 (EIN)
2d: Business code 523900 [29]:   Other Financial Investment Activities (including portfolio management & investment advice

Det skal bemærkes, at erhvervsvirksomhed benævnes "employer" i USA.

### 1.7   Dokumentation for American Investment Group´s ejerskab til aktierne mv.

Som dokumentation for American Investment Group´s ejerskab til aktierne og modtagelse af de udbytter, hvorpå der tilbagesøges indeholdt udbytteskat, har SKAT fra Stacey Kaminer den 1. december 2015, modtaget følgende udskrifter fra brokervirksomheden ED&F Man Capital Markets Ltd´s klientkonto:

- Account Transaction (General Ledger) 08/01/2014 – 08/11/2014 30
  En stor del af teksten er gjort ulæselig ved overstregninger.

- Account Transaction (General Ledger) 08/01/2015 – 08/13/2015 [31]
  En stor del af teksten er gjort ulæselig ved overstregninger.

- Account Equity den <u>08/10/2015</u> [32]
  SKAT har alene modtaget side 1 af 3 sider.
  En stor del af teksten gjort ulæselig ved overstregninger.

- Account Equity <u>08/11/2015</u> [33]
  SKAT har alene modtaget side 1 af 3 sider.
  En stor del af teksten gjort ulæselig ved overstregninger.

---

[27] Bilag 125-11-77 til 125-11-78
[28] Bilag 125-23-5 til 125-23-9
[29] Bilag 125-21-14
[30] Bilag 125-11-85
[31] Bilag 125-11-86
[32] Bilag 125-11-87
[33] Bilag 125-11-88

Confidential Pursuant to Protective Order

SKAT_MDL_001_008110

- Trade Reference 529234 [34]
  En kopi af intern mail af 14. august 2015 i brokervirksomheden vedrørende brokervirk-
  somhedens køb af 2.000.000 stk. TDC A/S aktier for NET Cash 101.801.280 DKK.
  American Investment Group er anført som "Customer".

- Trade Reference 317924 [35]
  En kopi af intern mail af 7. august 2014 i brokervirksomheden vedrørende brokervirksom-
  hedens køb af 3.400.000 stk. TDC A/S aktier for Net Cash 176.122.210 DKK.
  American Investment Group er anført som "Customer".

Det bemærkes, at kontoen vedrører et mellemværende opgjort i **danske kroner.**

## 1.8   Tax Voucher

Sammen med American Investment Group´s anmodning om tilbagebetaling af indeholdt ud-
bytteskat, var vedlagt en Tax Voucher fra brokerfirmaet ED&F Man Capital Markets Limited,
underskrevet af Christina MacKinnon, Head of Securities Operations – hvori det blandt andet
bekræftes, at American Investment Group har ejet aktierne på udbyttedatoen: [36]

> *"ED&F Man Capital Markets Limited ... - confirm, American Investment Group of NY
> L.P. Pension Plan ... was holding the below security over the dividend date."*

> *"ED&F Man Capital Markets Limited has no beneficial interest in the holding and will
> not be reclaiming the tax. The dividends specified on this credit advice were paid net
> of withholding tax to American Investment Group of NY L.P. Pension Plan."*

I mailen fra Stacey Kaminer den 1. december 2015, modtog SKAT udskrift af et "*SECURITY
AND SET-OFF DEED"*. Dokumentet er en aftale om sikkerhed og modregning mellem pen-
sionskassen og ED&F Man Capital Markets Limited. Aftalen er indgået den 21. juni 2012 og
er underskrevet af American Investment Group´s trustee Robert Crema og på vegne af ED&F
Man Capital Markets Limited, af Sharon Heath. [37]

---

[34] Bilag 125-11-83
[35] Bilag 125-11-84
[36] Bilag 125-3A
[37] Bilag 125-11-89 til 125-11-105

Confidential Pursuant to Protective Order

SKAT_MDL_001_008111

## 1.9  Tidligere anmodninger om tilbagebetaling af indeholdt udbytteskat

American Investment Group har, som pensionskasse, tidligere anmodet om tilbagebetalinger af indeholdte udbytteskatter og har fået udbetalt i alt 21.060.000 DKK. [38]
Denne udbetaling svarer til at selskabet skulle have foretaget investeringer, der har givet et udbytte på 78.000.000 DKK alene i danske C20 aktier.

Følgende oplysninger fremgår af American Investment Groups tidligere anmodninger:

| SKATs bundt nr. | Dato for anmodning | Aktie | Antal stk. | Ex-dato | Udbytte DDK | Tilbagebetalt udbytteskat DDK | Bilags nr. |
|---|---|---|---|---|---|---|---|
| 15614 | 05-03-2014 | Coloplast A/S | 500.000 | 06-12-2013 | 3.500.000 | 945.000 | 125-12-4 |
| 19414 | 26-03-2014 | TDC A/S | 5.000.000 | 07-03-2014 | 11.000.000 | 2.970.000 | 125-13-3 |
| 21814 | 04-04-2014 | Danske Bank A/S | 7.750.000 | 19-03-2014 | 15.500.000 | 4.185.000 | 125-14-3 |
| 21814 | 04-04-2014 | Novo Nordisk A/S | 3.500.000 | 21-03-2014 | 15.750.000 | 4.252.500 | 125-14-4 |
| 27814 | 16-04-2014 | A.P. Møller Mærsk A/S (B) | 1.000 | 01-04-2014 | 1.400.000 | 378.000 | 125-15-3 |
| 27814 | 16-04-2014 | Tryg A/S | 50.000 | 04-04-2014 | 1.350.000 | 364.500 | 125-15-4 |
| 72614 | 14-08-2014 | TDC A/S | 3.400.000 | 08-08-2014 | 5.100.000 | 1.377.000 | 125-16-3 |
| 106214 | 03-12-2014 | Chr. Hansen Holding A/S | 800.000 | 28-11-2014 | 3.016.000 | 814.320 | 125-17-3 |
| 109214 | 10-12-2014 | Coloplast A/S | 1.500.000 | 05-12-2014 | 11.250.000 | 3.037.500 | 125-18-3 |
| 21315 | 04-03-2015 | Novozymes A/S | 750.000 | 26-02-2015 | 2.250.000 | 607.500 | 125-19-3 |
| 34815 | 08-04-2015 | A.P. Møller Mærsk A/S (B) | 4.000 | 31-03-2015 | 7.884.000 | 2.128.680 | 125-20-4 |
| | | I alt | | | 78.000.000 | 21.060.000 | |

## 1.10  Beregning af investeringerne

SKAT har opgjort de ovenfor anførte aktiers anskaffelsessummer skønsmæssigt med udgangspunkt i, at aktierne skal være ejet dagen før ex-datoen. Anskaffelsessummerne nedenfor er derfor beregnet på baggrund af lukkekursen på børsdagen før ex-datoen:

| SKATs bundt nr. | Ex-dato | Kursdato | Aktie | Antal stk. | Kurs* | Beregnet anskaffelsessum DDK |
|---|---|---|---|---|---|---|
| 15614 | 06-12-2013 | 05-12-2013 | Coloplast A/S | 500.000 | 358,30 | 179.150.000 |
| 19414 | 07-03-2014 | 06-03-2014 | TDC A/S | 5.000.000 | 52,65 | 263.250.000 |
| 21814 | 19-03-2014 | 18-03-2014 | Danske Bank A/S | 7.750.000 | 145,70 | 1.129.175.000 |
| 21814 | 21-03-2014 | 20-03-2014 | Novo Nordisk A/S | 3.500.000 | 245,80 | 860.300.000 |
| 27814 | 01-04-2014 | 31-03-2014 | A.P. Møller Mærsk A/S (B) | 1.000 | 65.000,00 | 65.000.000 |
| 27814 | 04-04-2014 | 03-04-2014 | Tryg A/S | 50.000 | 110,30 | 5.515.000 |
| 72614 | 08-08-2014 | 07-08-2014 | TDC A/S | 3.400.000 | 51,35 | 174.590.000 |
| 106214 | 28-11-2014 | 27-11-2014 | Chr. Hansen Holding A/S | 800.000 | 258,90 | 207.120.000 |
| 109214 | 05-12-2014 | 04-12-2014 | Coloplast A/S | 1.500.000 | 527,00 | 790.500.000 |
| 21315 | 26-02-2015 | 25-02-2015 | Novozymes A/S | 750.000 | 322,50 | 241.875.000 |
| 34815 | 31-03-2015 | 30-03-2015 | A.P. Møller Mærsk A/S (B) | 4.000 | 16.410,00 | 65.640.000 |

*Kursen fremgår af Euro Investors hjemmeside: http://www.euroinvestor.dk/

[38] Bilag 125-12-1 til 125-20-7

Side 10 / 19

Confidential Pursuant to Protective Order

SKAT_MDL_001_008112

## 2    Retsregler

### 2.1    Lovbekendtgørelser

Selskabsskatteloven – lovbekendtgørelse nr. 680 af 20. maj 2015:
- § 2, stk. 1, litra c og stk. 3, 2. pkt.

Ligningsloven – lovbekendtgørelse nr. 1041 af 15. september 2014 med senere ændringer:
- § 16 A, stk. 1.

Kildeskatteloven – lovbekendtgørelse nr. 1403 af 7. december 2010 med senere ændringer:
- §§ 65, stk. 1, 65 A, stk. 1 og 69 B, stk. 1 og 2.

### 2.2    Dobbeltbeskatningsoverenskomst

BKI nr. 13 af 14/4 2000 af overenskomst af 19/8 1999 mellem Danmark og USA til undgåelse af dobbeltbeskatning og forhindring af skatteunddragelse for så vidt angår indkomstskatter. Som ændret ved BKI nr. 1 af 18/2 2008 af protokol af 2/5 2006:
- Artiklerne 10 og 22.

### 2.3    Retspraksis

SKM 2010.266 SR. Skatterådets bindende svar af 26.januar 2010.

Ved udlån af aktier, finder Skatterådet, at långiver fortsat skattemæssigt anses for ejer af aktierne, hvorfor udbyttet skal beskattes efter de regler der gælder for långiver, herunder efter en eventuel dobbeltbeskatningsoverenskomst mellem Danmark og den stat hvor långiver er hjemmehørende.

Confidential Pursuant to Protective Order

SKAT_MDL_001_008113

# 3   SKATs bemærkninger

## 3.1   Lovgrundlag

Et udenlandsk selskab, der modtager udbytte fra et dansk selskab, er begrænset skattepligtig til Danmark efter selskabsskattelovens § 2, stk. 1, litra c.

Et udenlandsk selskab, der er begrænset skattepligtig til Danmark, skal betale 27 % i skat af udbytte, jf. selskabsskattelovens § 2, stk. 3, og det danske udbetalende selskab indeholder således 27 %. Det fremgår af kildeskattelovens § 65.

Hvis den retmæssige ejer af aktieudbyttet er hjemmehørende i USA, kan Danmark beskatte udbytte, der udbetales fra et selskab hjemmehørende i Danmark med 15 % af bruttobeløbet i henhold til artikel 10, stk. 2, litra b), i dobbeltbeskatningsoverenskomsten mellem Danmark og USA.

Danmark kan dog ikke beskatte udbytte udbetalt til et selskab, der er hjemmehørende i USA, hvis den retmæssige ejer er en pensionskasse, som omtalt i artikel 22, stykke 2, litra e, jf. dobbeltbeskatningsoverenskomstens artikel 10, stk. 3, litra c.

En pensionskasse efter artikel 22, stk. 2, litra e, er en juridisk person, hvad enten personen er fritaget for beskatning eller ikke, der er organiseret efter lovgivningen i en kontraherende stat med det formål at yde pension eller lignende ydelser efter en fastsat ordning til arbejdstagere, herunder selvstændige erhvervsdrivende, forudsat at mere end 50 pct. af denne persons begunstigede, medlemmer eller deltagere er fysiske personer, som er hjemmehørende i en af de kontraherende stater.

Vedrørende aktielån fremgår det af SKM2010.266SR, at udbytte på udlånte aktier skal beskattes hos långiver.

## 3.2   Anmodningen af 13. august 2015

Goal Taxback Limited har som agent, på vegne af American Investment Group, anmodet om at få tilbagebetalt indeholdt udbytteskat, med henvisning til dobbeltbeskatningsoverenskomsten mellem Danmark og USA, vedrørende følgende aktier: [39]

| ISIN/Aktier | Ex-dato | Anmodning om tilbagebetaling | Netto udbytte | Antal Aktier |
|---|---|---|---|---|
| DK0060228559 TDC A/S | 10. aug. 2015 | DKK 810.000 | DKK 2.190.000 | 3.000.000 |

---

[39] Bilag 125-1A til 125-7A

Confidential Pursuant to Protective Order

SKAT_MDL_001_008114

### 3.3   Pensionskassen og erhvervsvirksomheden den knytter sig til

Det fremgår af FORM 6166, at *American Investment Group of New York, L.P Pension Plan* er registreret som en pensionskasse i USA. [40]

Pensionskassen er en selvstændig enhed, der knytter sig til erhvervsvirksomheden *American Investment Group of New York, L.P.*, som ifølge selvangivelserne er en enkeltmandsvirksomhed. [41]

Pensionskasser for enkeltmandsvirksomheder etableres med det formål, at ejeren af virksomheden og dennes ægtefælle, kan opspare til pensionen.
Pensionskasser skal selvangive særskilt og skal have egen bankkonto af hensyn til krav om formueadskillelse mellem pensionskasse og employer (erhvervsvirksomheden).[42]

### 3.4   Pensionskassens trustee

Ved mail 1. december 2015 fra Stacey Kaminer modtog SKAT et "Minutes of Meeting" dateret den 23. februar 2011. Det fremgår heraf, at Stacey Kaminer indtræder som trustee og at Elaina Crema samtidig fratræder som trustee i American Investment Group. Dokumentet er underskrevet af trustee Robert Crema og Stacey Kaminer, men ikke af Elaina Crema. [43]

På det foreliggende grundlag accepteres det at Stacey Kaminer kan repræsentere American Investment Group.

### 3.5   Manglende eller ikke fyldestgørende dokumentation

#### 3.5.1 Manglende originale dokumenter

Til brug for kontrollen af American Investment Group´s ejerskab til aktierne, retten til udbyttet og at udbyttet faktisk er tilgået American Investment Group, har SKAT anmodet om originale Tax Voucher /credit advice, købs- og beholdningsbilag samt bankkontoudskrifter. [44]

SKAT har alene modtaget svar pr. mails. Der er derfor ikke tale om originale dokumenter.[45]

De udbedte originaldokumenter er ikke fremlagt for SKAT og det materiale SKAT har modtaget i stedet for de originale dokumenter, er ikke fyldestgørende. Nærmere herom nedenfor. Anmodningerne vil, derfor alene på dette grundlag kunne afvises.

---

[40] Bilag 125-5A
[41] Bilag 125-23-5 til 125-23-9
[42] Bilag 125-22-1 og 125-22-4
[43] Bilag 125-11-76
[44] Bilag 125-8-1 til 125-8-3
[45] Bilag 125-11-1 til 125-11-2

Confidential Pursuant to Protective Order                    SKAT_MDL_001_008115

### 3.5.2 Mangelfuld dokumentation for ejerskab til aktierne og modtagne udbytter

Som dokumentation for American Investment Group´s ejerskab til aktierne og modtagelse af det udbytte, hvorpå der tilbagesøges indeholdt udbytteskat, har SKAT 1. december 2015 modtaget udskrifter fra brokervirksomheden ED&F Man Capital Markets Ltd´s klientkonto. Det fremgår, at kontoen vedrører et mellemværende i **danske kroner** mellem brokervirksomheden og American Investment Group of NY L.P. Pens.

Udskrifterne er mangelfulde, idet der mangler sider og en stor del af teksten på de sider SKAT har modtaget, er gjort ulæselig ved overstregninger. Det drejer sig om følgende udskrifter:

- Account Transaction (General Ledger) <u>08/01/2014 – 08/11/2014</u> [46]
  En stor del af teksten er overstreget

- Account Transaction (General Ledger) <u>08/01/2015 – 08/13/2015</u> [47]
  En stor del af teksten er overstreget

- Account Equity den <u>08/10/2015</u> [48]
  SKAT har alene modtaget side 1 af 3 sider. En stor del af teksten er overstreget

- Account Equity <u>08/11/2015</u> [49]
  SKAT har alene modtaget side 1 af 3 sider. En stor del af teksten er overstreget

SKAT er uforstående overfor det oplyste i mailen fra trustee Stacey Kaminer om, at de vedhæftede *"Account Statements"* og *"Positions Reports"* skulle indeholde uvedkommende information som derfor er overstreget af private hensyn *(with any unrelated information blacked out for privcy purposes).* [50]

Det har forklaringen imod sig, at den tekst der er gjort ulæselig ikke skulle relaterer sig til de aktier, hvorpå der anmodes om tilbagebetaling af indeholdt udbytteskat eller til danske aktier eller transaktioner i øvrigt, når der henses til, at brokervirksomheden har adresse i England, pensionskassen er amerikansk og klientkontoen er opgjort **i danske kroner.**

SKAT finder det usandsynligt, at registreringerne på kontoen ikke har relationer til danske aktier, herunder afregning.

Da udskrifterne ikke er fremlagt i sin helhed, er det ikke muligt at kontrollere transaktionernes gennemførelse. Udskrifterne dokumenterer derfor, hverken American Investment Group´s ejerskab til de pågældende aktier eller at American Investment Group har modtaget det aktieudbytte, hvorpå der tilbagesøges indeholdt udbytteskat.

---

[46] Bilag 125-11-85
[47] Bilag 125-11-86
[48] Bilag 125-11-87
[49] Bilag 125-11-88
[50] Bilag 125-11-2

Confidential Pursuant to Protective Order

SKAT_MDL_001_008116

Anmodningen om tilbagebetaling af indeholdt udbytteskat var vedlagt en Tax Voucher fra brokerfirmaet ED&F Man Capital Markets Limited, underskrevet af Christina MacKinnon, Head of Securities Operations, hvori det blandt andet bekræftes, at American Investment Group har ejet aktierne på udbyttedatoen: [51]

> *"ED&F Man Capital Markets Limited ... - confirm, American Investment Group of New York, L.P Pension Plan ... was holding the below security over the dividend date."*

> *"ED&F Man Capital Markets Limited has no beneficial interest in the holding and will not be reclaiming the tax. The dividends specified on this credit advice were paid net of withholding tax to American Investment Group of New York, L.P Pension Plan."*

Det forekommer forretningsmæssigt usandsynligt, at brokerfirmaet ved underskrift bekræfter transaktioner, der tilsyneladende ikke efterfølgende kan dokumenteres med en købsfaktura fra 3. mand.

Som dokumentation for pensionskassens køb af de pågældende TDC A/S aktier, har SKAT i mail fra Stacey Kaminer den 1. december 2015 modtaget udskrift af en intern mail i ED&F Man Capital Markets Limited sendt 14. august 2015 kl. 9.43 AM [52]:

Fra:   Secops secops@edfmancapital.com
Til:    LDN-EQUITYFINANCE-REPORTING-MB

Denne mail kan ikke dokumentere, at American Investment Group har købt de aktier, hvorpå der tilbagesøges indeholdt udbytteskat, idet der mangler dokumentation for, at American Investment Group reelt har betalt for de pågældende.

I mailen fra Stacey Kaminer var der desuden vedhæftet dokumentet "SECURITY AND SET-OFF DEED". Dokumentet er en aftale om sikkerhed og modregning mellem American Investment Group og brokerfirmaet ED&F Man Capital Markets Limited.
Denne aftale ses ikke, at bidrage til besvarelse af de spørgsmål SKAT har rejst omkring American Investment Group´s ejerskab af de pågældende aktier. [53]

Der er således ikke er fremlagt dokumentation for, at American Investment Group har ejet de pågældende aktier på ex-datoen og derved er berettiget til at tilbagesøge indeholdt udbytteskat.

---

[51] Bilag 125-3A
[52] Bilag 125-11-83
[53] Bilag 125-11-89 til 125-11-105

Confidential Pursuant to Protective Order

SKAT_MDL_001_008117

### 3.5.3 Manglende dokumentation for de faktiske pengestrømme

SKAT konstaterer, at der ikke er fremlagt dokumenter fra 3. mand, der kan underbygge, at transaktionerne mellem ED&F Man Capital Market Ltd og American Investment Group reelt har fundet sted.

SKAT har opfordret American Investment Group til at fremkomme med udskrifter fra American Investment Group´s egen bankkonto, som dokumentation for, at de pågældende aktie-handler og aktieudbyttet har ført til egentlige pengestrømme mellem American Investment Group og brokervirksomheden ED&F Man Capital Market Ltd., hvilket SKAT ikke har mod-taget.[54]

Det bemærkes, at en pensionskasse ifølge IRS hjemmeside skal have egen bankkonto af hen-syn til formueadskillelse mellem pensionskassen og employer-virksomheden.[55]

De fremlagte udskrifter fra brokerfirmaets klientkonto kan ikke alene dokumentere, at trans-aktionerne mellem American Investment Group og brokerfirmaet reelt er gennemført. [56]

SKAT finder af disse grunde ikke, at American Investment Group har dokumenteret sit ejer-skab til de pågældende aktier og det er heller ikke dokumenteret, at American Investment Group har modtaget udbyttet, samt at der er indeholdt udbytteskat.


### 3.6   Kapitalgrundlag for investeringer

American Investment Group har, som pensionskasse, i en periode på 16 måneder, fra decem-ber 2013 til marts 2015 fået udbetalt i alt 21.060.000 DKK i indeholdte udbytteskatter fra SKAT. Denne udbetaling svarer til, at selskabet skulle have foretaget investeringer, der har givet aktieudbytter på 78.000.000 DKK alene i danske C20 aktier. [57]

SKAT har ovenfor i punkt 1.9 og 1.10 foretaget en beregning af de investeringer, der kræves for at kunne opnå dette aktieudbytte.

Af beregningen ses blandt andet:
- at American Investment Group den 18./20. marts 2014 skulle eje aktier i Novo Nordisk A/S og Danske Bank A/S til en samlet investering på ca. 1.989.000.000 DKK.

- at American Investment Group den 4. december 2014, skulle eje aktier i Coloplast A/S til en investering på 790.500.000 DKK.

Ifølge American Investment Group´s amerikanske selvangivelse for 2014 udgør pensions-kassens formue primo 4.893.956 $ og ultimo 5.309.103 $. [58]
Omregnet til danske kroner svarer dette til en formue primo 27.499.363 DKK og ultimo 29.832.093 DKK ved US-dollarkurs på 561,9046. [59]

---

[54] Bilag 125-8-1 til 125-8-3
[55] Bilag 125-22-1 og 125-22-4
[56] Bilag 125-11-85 125-11-88
[57] Denne skrivelses punkt 1.9 og 1.10
[58] Bilag 125-23-7 til 125-23-8
[59] US-dollar gennemsnitskurs 2014 - www.nationalbanken.dk

Confidential Pursuant to Protective Order

SKAT_MDL_001_008118

American Investment Group´s formue ultimo 2014 er ifølge pensionskassens amerikanske
selvangivelse for 2014 således øget med 415.147 $ svarende til 2.332.730 DKK.

Ifølge selvangivelserne er der ikke foretaget indskud til pensionskassen i 2013 og 2014. [60]

Der er et umiddelbart misforhold mellem formueoplysningerne i American Investment
Group´s selvangivelse for 2014 (Form 5500) og de oplyste investeringer og aktieudbytter.
Henset hertil er det ikke sandsynligt, at American Investment Group har været i stand til at
foretage de nævnte investeringer ovenfor, for egne midler.

Desuden afspejler American Investment Group´s formue ultimo 2014, end ikke tilnærmelses-
vis, at der skulle være tilgået pensionskassen 78.000.000 DKK i aktieudbytter og refunderede
udbytteskatter i året.

Af disse grunde er det åbenbart, at American Investment Group ikke har haft midler til at
foretage de investeringer, der fremgår af selskabets anmodning dateret den 13. august 2015.

Det skal bemærkes, at såfremt der skulle være tale om lånte aktier, kan selskabet ikke tilbage-
søge indeholdt udbytteskat på disse.

---

[60] Bilag 125-23-5 til 125-23-9

Confidential Pursuant to Protective Order                SKAT_MDL_001_008119

## 4   SKATs foreløbige konklusion

SKAT skal efter anmodning fra den skattepligtige tilbagebetale indeholdt udbytteskat,
som overstiger den endelige skat efter en dobbeltbeskatningsoverenskomst.

SKAT kan ikke imødekomme American Investment Group´s anmodning dateret 13. august
2015, om tilbagebetaling af indeholdt udbytteskat idet:

- American Investment Group har ikke dokumenteret købet af de aktier, hvorpå udbyt-
  teskatten tilbagesøges, ligesom det ikke fremgår om eventuelle aktier indgår i et låne-
  arrangement.

- American Investment Group har ikke dokumenteret ejerskabet på udbyttetidspunktet
  til de omhandlede aktier, hvorpå udbytteskatten tilbagesøges.

- American Investment Group har ikke dokumenteret, at selskabet har modtaget udbytte
  vedrørende de pågældende aktier, hvorpå udbytteskatten tilbagesøges.

American Investment Group opfylder således ikke betingelserne for at få udbetalt indeholdt
udbytteskat af danske aktier, jf. artikel 10 i dobbeltbeskatningsoverenskomsten mellem Dan-
mark og USA.

American Investment Group har som pensionskasse – med en enkelt deltager med de deraf
begrænsede indskudsbeløb - ikke haft det fornødne kapitalgrundlag til at kunne foretage inve-
steringer i danske aktier i den størrelsesordenen som ligger til grund for såvel denne som tid-
ligere anmodninger om udbetaling af indeholdt udbytteskat. Anmodningen kan på grund af
det manglende kapitalgrundlag, ikke omfattes af artikel 22 stk. 2, litra e i dobbeltbeskatnings-
saftalen mellem Danmark og USA.
Anmodningen dateret den 13. august 2015 kan derfor ikke omfattes af artikel 22 stk. 2, litra e
i dobbeltbeskatningsaftalen mellem Danmark og USA.

SKAT kan af disse grunde ikke imødekomme American Investment Group´s anmodning om
tilbagebetaling af indeholdt udbytteskat af de danske aktier efter kildeskattelovens § 69 B,
stk. 1, 1. pkt.

## 5   Selskabets bemærkninger

SKAT har ikke modtaget bemærkninger til SKATs forslag til afgørelse.

## 6   SKATs afgørelse

SKAT har ikke modtaget bemærkninger til SKATs forslag til afgørelse, hvorfor SKAT træffer
afgørelse i overensstemmelse med forslaget.

SKAT kan ikke imødekomme selskabets anmodning om tilbagebetaling af indeholdt udbytte-
skat af de danske aktier.

Confidential Pursuant to Protective Order                    SKAT_MDL_001_008120

## Klagevejledning

### Klage
Hvis selskabet ikke er enig i SKATs afgørelse, kan der klages til Skatteankestyrelsen.

Skatteankestyrelsen skal have klagen senest tre måneder fra modtagelsen af denne afgørelse.

### Hvordan skal klagen se ud?
Klagen skal være skriftlig, og indeholde alle de punkter, der klages over.

Klagen skal vedlægges:
- Denne afgørelse.
- Dokumenter, som støtter og underbygger klagen.

### Hvor skal klagen sendes hen?
Klagen kan sendes på tre måder:
1. Elektronisk på Skatteankestyrelsens klageportal på skatteankestyrelsen.dk.
2. Som digital post via virk.dk.
3. Med post til Skatteankestyrelsen; Ved Vesterport 6, 6. sal; 1612 København V.

### Hvad koster det at klage?
Det koster 400 kr. at klage.
Beløbet skal indsættes på konto med registreringsnummer 0216, kontonummer 4069029361.
Selskabets navn skal anføres i meddelelsesfeltet. Denne konto kan kun bruges til at betale de 400 kr. for at klage og ikke til andre typer indbetalinger til SKAT.

Hvis selskabet får ret i hele klagen eller i en del af den, tilbagebetales pengene.

### Møde med Skatteankestyrelsen
Selskabet har mulighed for at få et møde med en sagsbehandler i Skatteankestyrelsen, og i den forbindelse bedes selskabet oplyse et telefonnummer i klagen.

### Love og regler
De love og afgørelser, der er henvist til, kan findes på skat.dk/love eller skat.dk/afgørelser.

Selskabet kan læse mere om at klage på skat.dk/klage.


Venlig hilsen

Gitte Kierkegaard
Fagkonsulent
E-mail: Gitte.kierkegaard@skat.dk
Telefon nr.: (+45) 72 37 02 07

Katrine Basballe
Fagkonsulent
E-mail: katrine.basballe@skat.dk
Telefon nr.: (+45) 72 37 02 38


Kopi af SKATs orienteringsbrev til Goal TaxBack Limited er vedlagt.

Confidential Pursuant to Protective Order

SKAT_MDL_001_008121




GOAL TaxBack Limited
Att.: Melissa-Anne Rodrigues
69 Park Lane
Croydon, Surrey, CR9 1BG
UK

**Antifraud Unit SK 3**
Danish Customs and
Tax Administration

Kratbjerg 236
DK - 3480 Fredensborg

www.skat.dk

Date: 28 October 2016

Your ref. BACEDK000063

J.nr. 15-2943752

TIN: 30-0124217

Gitte Kierkegaard
Special Agent

## For your information

You have on behalf of American Investment Group of New York, L.P Pension Plan reclaimed withhold dividend tax:

13 August 2015    DKK 810.000

It appears from the final decision that the request for refund cannot be approved.

The reason for SKAT not having found any basis for approving the request for refund appears from the final decision. In this connection, it should be remarked that the court language in Denmark is Danish in accordance with Section 149 of the Danish Administration of Justice Act (Retsplejeloven).

Danish Customs and Tax Administration has only send the final decision to American Investment Group of New York, L.P Pension Plan.

Please note that the guidelines for making an appeal appears from the decision. In this context it should be noted that an appeal, if any, must reach the Danish Tax Appeals Agency no later than three months from the receipt of the decision.

Yours Sincerely,
Gitte Kierkegaard

Katrine Basballe

Special agent

gitte.kierkegaard@skat.dk
Direct telephone +45 72370207

Special agent

Katrine.basballe@skat.dk
Direct telephone +45 72370238

Copy sent to American Investment Group of New York, L.P Pension Plan.

Confidential Pursuant to Protective Order

SKAT_MDL_001_008122