USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/23/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

In re

CUSTOMS AND TAX ADMINISTRATION OF THE
KINGDOM OF DENMARK (SKAT) TAX REFUND
LITIGATION

18-md-2865 (LAK)

This paper applies to: 18-cv-5053, 18-cv-9797,
18-cv-9836, 18-cv-9837,
18-cv-9838, 18-cv-9839,
18-cv-9840, 18-cv-9841,
18-cv-10100

------------------------------------x

**PRETRIAL ORDER NO. 38**
(Motion for Leave to Amend)

LEWIS A. KAPLAN, *District Judge.*

      Third-party plaintiffs in these cases ("TPP") moved for leave to file amended third-party complaints against third-party defendant ED&F Man Capital Markets Ltd. ("EDF"). EDF opposes the motion on the grounds that leave to amend would be futile because the proposed complaints fail adequately to allege the existence of personal jurisdiction over it and, in any case, fail to state a legally sufficient claim.

      As this Court made clear in its decision on a comparable motion by the TPPs with respect to the original third-party complaint, the governing standard "depends upon the procedural context in which the jurisdictional challenge is made." *In re Customs and Tax Administration of Kingdom of Denmark,* No. 18-md-2865 (LAK), 2021 WL 4993536, at *4 (S.D.N.Y. Oct. 26, 2021). Where the record consists only of the pleadings, the question is whether the complaint alleges facts which, viewed in the light most favorable to the plaintiff, would satisfy the jurisdictional requirements. Where, however, the record includes both evidence and allegations relevant to personal jurisdiction and there are genuine issues of fact material to the existence of personal jurisdiction, the issue must be determined by a hearing or at trial. *See id.*

      In this case, the existence of genuine issues of material fact precludes the Court from determining as a matter of law that personal jurisdiction over EDF is lacking. Accordingly, denial of leave to amend based on futility by reason of lack of personal jurisdiction therefore would be inappropriate at this stage of the case.

      EDF argues also that the proposed amended third-party complaints fail to state a legally sufficient clam. To be sure, a "court has *discretion* to deny [such a] motion 'for good reason,

including futility.'" *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (emphasis added). But it is not obliged to exercise its discretion to do so where, as here, the opposing party has referred to evidentiary material outside the complaint that may not be considered without converting the motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d).

Accordingly, plaintiffs' motion for leave to amend is granted albeit without prejudice to EDF's contention that the third-party complaints fail to state claims upon which relief may be granted, a contention that would be best addressed at the summary judgment stage or perhaps even at trial.

SO ORDERED.

Dated:   May 23, 2024

_____
Lewis A. Kaplan
United States District Judge